The People *v.* Utter.

———————— •◦• ————————

The People *vs.* Utter.

In order to warrant a conviction of a licensed tavern keeper under the act of 1857, chapter 628, for selling liquors at his bar, on Sunday, proof must be made of an *intent,* on the part of the defendant, to violate the statute.

Where the sale is not made by the defendant personally, or in his presence, the presumption of his innocence is not overcome by merely showing that the sale was made on his premises, by his bar tender; unless the evidence also shows that the defendant in some manner participated in it, connived at it, or assented to it.

The question whether he assented, is one of fact, and not of legal presumption, and it belongs to the jury.

If the court takes from the jury the question of guilty intent, the conviction will be reversed.

CERTIORARI to the Livingston county sessions to remove a conviction of the defendant for selling liquor on Sunday. The defendant was indicted for selling strong or spirituous

liquors in his tavern on Sunday, he being at the time a tavern and hotel keeper, and licensed by law to sell liquor.   The indictment charged that the offence was committed on the 18th day of January 1863, and on other days and times, being Sundays.   On the trial, it was proved, under objection by the defendant's counsel, that a witness had seen liquor sold at the defendant's bar prior to November, 1862, by the defendant's bar tender, but there was no evidence of any sale by the defendant in person, nor of any sale when he was present; nor that he knew of any sale of liquor at his bar or house on any Sunday.

*Geo. J. Davis,* (district attorney) for the people.

*W. H. Kelsey,* for the defendant.

*By the Court,* JAMES C. SMITH, J.   The defendant, a licensed tavern keeper, was indicted for selling liquors at his bar, on Sunday, contrary to the statute.   (*Laws of* 1857, *ch.* 628, § 21, *vol.* 2, *p.* 413.)   On the trial the prosecutor gave evidence tending to show that on several different occasions liquor had been sold at the defendant's bar, by his bar tender, on Sunday, but there was no evidence of a sale by the defendant personally, or in his presence.   The court charged the jury, in substance, that if they believed the bar tender had sold liquor in the defendant's tavern, on Sunday, they might convict the defendant, although he was not present, nor shown to have directed or authorized the sale to be made. To this the defendant excepted.   The defendant requested the court to charge the jury that it is not sufficient to prove that liquor was sold in the defendant's house on Sunday, but that it must be shown that he did the act personally, or that it was done by his direction or with his assent.   The court refused to so charge, but charged that the defendant would not be liable if he had shown that his agent, in selling on

Sunday, had disobeyed his instructions.    The defendant also excepted to this refusal and charge.

I am reluctautly brought to the conclusion that the court below erred in refusing to charge as requested by the defendant.    The refusal, taken in connection with the charge, was in effect an instruction to the jury that if they believed the defendant's bar tender had sold liquor in his tavern on Sunday, then, inasmuch as there was no evidence that the defendant had given directions to the contrary, he was guilty of the offense charged, although he was ignorant of the sale, and did not assent to it.    The offense alleged is declared by the statute to be a misdemeanor, punishable by imprisoment. In order to convict, proof must be made of an *intent* on the part of the defendant to violate the statute.    Where, as in this case, the sale is not made by the defendant personally or in his presence, the presumption of his innocence is not overcome by merely showing that the sale was made on his premises, by his bar tender, unless the evidence also shows that the defendant in some manner participated in it, connived at it, or assented to it.    I have no doubt the testimony before us would have warranted the conclusion that the defendant did assent to the sale, but the question whether he assented is one of fact, and not of legal presumption, and of course it belongs to the jury.    By refusing to charge as requested, the court took from the jury the question of the defendant's participation, or in other words, of his guilty intent; and for this, the conviction should be reversed, and a new trial ordered, in the court below.

Ordered accordingly; case remitted.

[MONROE GENERAL TERM, December 5, 1864.    *E. Darwin Smith, James C. Smith* and *Johnson*, Justices.]