## THOMAS v. WILLIAMS.

(Supreme Court, Appellate Term. November 3, 1905.)

CIVIL RIGHTS—DISCRIMINATIONS AGAINST NEGROES—THEATERS—EVIDENCE.

Where, in an action for the penalty provided for by Laws 1895, p. 974, c. 1042, imposing a penalty on any person denying to any citizen by reason of color the full enjoyment of his theater, it was shown that defendant was not personally present at the time plaintiff, a negress, was excluded from his theater, and the exclusion was the act of an employé, evidence that defendant had not authorized the exclusion of negroes, but had made rules to the contrary, and customarily permitted negroes to enjoy the privileges of his place of amusement, was admissible, in connection with other evidence, on the issue whether defendant was responsible for plaintiff's exclusion.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Lucy Thomas against Percy G. Williams. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

House, Grossman & Vorhaus (Charles Goldzier, of counsel), for appellant.

Edwin F. Stern, for respondent.

BISCHOFF, J.   Asserting that she was denied admission to the place of amusement maintained by the defendant on account of her color, the plaintiff (a negress) brought this action to recover the penalty provided for by chapter 1042, p, 974, of the Laws of 1895, whereby any person who shall deny to any citizen, by reason of race, creed, or color, "the full enjoyment of any of the accommodations, advantages, facilities or privileges," of theaters or music halls, etc., or shall aid or incite such denial, "shall for every such offense forfeit and pay a sum of not less than one hundred dollars nor more than five hundred dollars to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed."   The case was submitted to the jury upon a conflict of fact as to whether the plaintiff had actually been denied access to the defendant's theater; but the defendant was refused an opportunity of proving that he personally had not authorized her exclusion, had made rules to the contrary, and customarily permitted negroes to enjoy the privileges and accommodations of his place of amusement.

This evidence was excluded, and in our opinion the ruling calls for the reversal of the judgment.   It appeared upon the trial that the defendant was not personally present at the time of the acts complained of, and that the exclusion of the plaintiff, if any, was the act of some employé.   The statute being penal in its character, the question of the defendant's actual intent and of his personal delictum was involved; and, while evidence that the violations of the statute had been contrary to his express orders would not be necessarily conclusive, it was still material evidence to be considered by the jury, in connection with whatever proof was in the case, to support a finding upon the issue as to whether the defendant, by his conduct or his manner of conducting the business of his theater, was in fact responsible for this violation of the act, where he had not personally and individually brought himself within the penal provisions.   Westchester Co. v. Dressner, 23 App. Div. 215, 48 N. Y. Supp. 953; People v. Utter, 44 Barb. 170, 172.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.