THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LEO MAJEWSKI, Defendant.

Supreme Court, Orleans County, July 13, 1934.

*William H. Munson, District Attorney,* for the People.

*Raymond D. Fuller [Daniel W. Hanley, Jr.,* of counsel], for the defendant.

HARRIS, J. Application made at Special Term of the Supreme Court by the defendant for a certificate showing that there is reasonable doubt whether a judgment of the County Court of Orleans county by which the defendant was convicted of the crime

of violating section 132-a of the Alcoholic Beverage Control Law of the State of New York on June 11, 1934, should stand and for the admission of the said defendant to bail pending the disposition of his appeal from said judgment and the sentence thereon.

The occupants of certain premises in the town of Gaines, Orleans county, known as " The Castle," were in the month of October, 1933, licensed to sell beer under a license expiring June 30, 1934, and this beer license was in effect March 28, 1934. By indictment returned by a grand jury of Orleans county on May 21, 1934, this defendant was accused as follows:

" The Grand Jury of the County of Orleans by this indictment accuses the defendant of the crime of violating Section 132-a of the Alcoholic Beverage Control Law by selling liquor at retail without a license therefor, committed, as follows:

" That on the 28th day of March, 1934, at the Town of Gaines, Orleans County, N. Y., said defendant did unlawfully sell to one Carl Wenzel and Emerson Yerger two glasses and one small bottle of liquor, to-wit: a mixture of alcohol for which the said Wenzel and Yerger then and there paid said defendant the sum of One Dollar, said sale being then and there made at premises known as ' The Castle,' and neither said defendant, nor any other person, then and there having a license to sell liquor at said premises.

" WM. H. MUNSON,
"*District Attorney of Orleans County.*"

On arraignment the defendant entered a plea of not guilty and the issues were tried by the County Court with a jury. The proof made by the prosecution was that late in the afternoon on March 28, 1934, two of the People's witnesses bought two drinks of liquor and a small bottle of the same of the defendant in the kitchen of the premises known as " The Castle." The defendant and certain witnesses sworn on his behalf denied the sale of such liquor. The issue of fact was submitted to the trial jury and it returned a verdict of " guilty as charged in the indictment." A motion to set aside such verdict was denied and on such conviction the defendant was sentenced to serve a term of three months in the Monroe County Penitentiary and to pay a fine of $200.

Previous to the trial the defendant attacked the indictment on various grounds which are substantially the grounds of this motion and which are as follows: That no crime was charged in the indictment, this claim being based upon the assertion of the defendant that section 132-a as it existed at the time of the alleged sale ceased to be a statute on the 1st day of April, 1934; that one isolated sale of liquor did not constitute a retail sale; that no intent to

violate the Alcoholic Beverage Control Law was alleged or proven against the defendant; that no penalties are provided for or expressly imposed by section 132-a for violation thereof and that the conviction was against the weight of evidence and not beyond reasonable doubt.

This court has not been supplied with the minutes of the trial but there is sufficient shown in the affidavits presented by the defendant on this motion to establish that the jury was warranted in finding beyond reasonable doubt the commission of the acts alleged to have been committed by the defendant and for which he was indicted.

In regard to the contention that an isolated sale is not a retail sale, the court is of the opinion that the sale of two drinks and a quantity of liquor in a small bottle establishes the retailing of liquor. To support his contention that it is necessary to allege and prove the existence of intent to violate the law, the defendant cites *People* v. *Utter* (44 Barb. 170). However, such citation is without value because it is apparent that in *People* v. *Utter*, the court, in using the word " intent," referred to knowingly doing the prohibited act. Further, the rule in regard to intent laid down in *People* v. *Utter*, if it ever existed, has been ·definitely overruled by numerous statements of competent courts which have uniformly held that in the commission of crimes *mala prohibita* intent to violate the law is not a necessary element. Illustrative of these cases is *People* v. *D'Antonio* (150 App. Div. 109).

In reference to the contention that the enactment does not charge a crime, this court is of the opinion that the indictment follows the requirements of the Code of Criminal Procedure, section 284, subdivisions 6 and 7, and the Code of Criminal Procedure, section 295-b, and fully recites sufficient facts to have placed the defendant on notice as to the accusation made against him for which he was to be put on trial.

There remains for discussion the contention of the defendant that section 132-a of the Alcoholic Beverage Control Law (added by Laws of 1933, chap. 819) had ceased to exist as a statute at the time of the finding of the indictment and that, therefore, as he claims, such section was *functus de jure* at the time of the said indictment. Such section as it existed at the time of the commission of the alleged crime contained reference to an " interim " (paragraph 2-g) and contained paragraph 10 which read as follows: " All of the provisions of this chapter relative to beer, except as otherwise expressly provided in this section, shall apply, so far as they may be or can be made applicable, to the control, regulation, manufacture, sale and distribution of liquors and wines."

The original legislation in this State which preceded and looked forward to the doing away with the Federal prohibition laws was the Alcoholic Beverage Control Law, being chapter 180 of the Laws of 1933, and which specifically had to do with the licensing of the sale of beer and wine. Such chapter 180 contained section 97 thereof which provided that violations of the Alcoholic Beverage Control Law as then established for beer and wine should be regarded as misdemeanors and punishable by certain penalties therein named. Such section 97 had no other provisions except those establishing violations of the act as crimes and for the punishment thereof. Subdivision 2 of the original section 132-a of chapter 180 contained the following: "All of the provisions of this chapter relative to beer shall apply with full force and effect to the manufacture and sale of wine." It will be noted from the quotation of subdivision 10 of section 132-a of the amendment of August, 1933, that practically the same provision was made to apply to the sale and distribution of liquor and wines. This subdivision 10 of section 132-a, as enacted in August, 1933, was in effect at the time of the alleged commission of the crime by the defendant and is the section which the defendant now claims was *functus de jure* at the time of the finding of the indictment herein. Such contention is based on the fact that the Legislature by enactment on or about the 29th day of March, 1934, changed such subdivision 10 of section 132-a to read as follows: " All of the provisions of this chapter relative to beer, including the penalty provisions contained in section ninety-seven of this chapter, except as otherwise expressly provided in this section, shall apply, so far as they may be or can be made applicable, to the control, regulation, manufacture, sale and distribution of liquors and wines." Such amendment took effect April 1, 1934. The defendant contends in reference to such subdivision 10 that the change in verbiage establishes penalties for the future and voids the former provisions of subdivision 10 to the effect that all the provisions of the original chapter should apply to the control, regulation, manufacture, sale and distribution of liquors and wines. The defendant argues that not only was the original subdivision 10 done away with by the enactment in March, 1934, but further that reference to the penalty provisions in the enactment of March, 1934, showed that the Legislature did not intend previously to make the violations of the Alcoholic Beverage Control Law punishable. It may be, by this last enactment of subdivision 10, the Legislature intended that the specific penalties in section 97 should apply to violations after April 1, 1934, and indicated that it was intended that such penalties should not apply prior to April 1, 1934. Even if this

is so, the violations of the Alcoholic Beverage Control Law would still have been misdemeanors (Penal Law, § 29) punishable by imprisonment for not more than one year or by a fine of not more than $500 or by both (Penal Law, § 1937). However, this court is of the opinion that the verbiage of the different statutes which are contained in the history of subdivision 10 of section 132-a of the Alcoholic Beverage Control Law was sufficiently specific and broad in reference to section 97 of the Alcoholic Beverage Control Law and that in its enactment of March, 1934, to take effect April 1, 1934, the Legislature, in referring specifically to the penalty provisions of section 97, merely emphasized the law as it existed from the original enactment of section 132-a of the Alcoholic Beverage Control Law. This discussion disposes of all the questions raised by the defendant and disposes of them adversely to such defendant.

The application for a certificate of reasonable doubt is denied.