THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ELMER HAWK, Appellant.*

County Court, Broome County, May 6, 1935.

*Tillapaugh & Relihan* [*Walter J. Relihan* of counsel], for the appellant.

*Donald W. Kramer, Assistant District Attorney*, for the respondent.

* See Code Crim. Proc. § 520, subd. 3. Affd., 268 N. Y. 678.

MacClary, J. The defendant in this case was charged with a violation of subdivision 3 of section 106 of chapter 478 of the Laws of 1934, being chapter 3-B of the Consolidated Laws, commonly known as the Alcoholic Beverage Control Law, in that he, the said defendant, sold and delivered or caused to be sold and delivered to the informant, Merle Holmes, a pint of liquor for consumption off the premises where sold, the said defendant being licensed to sell alcoholic beverages for consumption on the premises where sold, namely, at a place known as Dixie Inn, situate in the town of Chenango, Broome county, N. Y.

The evidence would indicate that said place was licensed to the defendant for the sale of alcoholic beverages for consumption on the premises where sold, and further that said defendant was not actually present at the time the alleged crime was committed, nor had any knowledge of its commission. The actual sale in this case was made by one David Sall, who was employed at the Dixie Inn as a waiter.

The major question before the court on this appeal is whether the defendant, as principal, is bound by the acts of his employee, Sall, as agent.

The jury before whom the trial was had found the defendant guilty of the crime charged, and inasmuch as the jury had passed on all the essential facts necessary to constitute the crime, and a careful reading of the minutes of the trial convinces the court that the verdict was not contrary to the evidence presented but was sufficient in scope to warrant the verdict, it is accepted as a complete determination of the facts. Therefore, the determination of this appeal must rest upon questions of law.

In a recent case (*People* v. *Tyrrell*, 154 Misc. 379) the court held that a bartender in charge of a duly licensed beer garden and restaurant, who was charged with a violation of section 108 of the Alcoholic Beverage Control Law, should be discharged and the complaint against him dismissed on the ground that he was not a " person holding a beer license " nor was he " such beer licensee " referred to in said section 108, because subdivision 18 of section 3 of said law defines a licensee as " any person to whom a license has been issued " pursuant to said law.

The defendant contends that the facts in this case do not, as a matter of law, warrant a conviction of the defendant of the crime charged, such contention being based on the ground that the defendant was not criminally chargeable with the acts of his employee Sall. In many criminal cases that would be a correct contention, particularly in those cases where intent is an essential element of the crime. But it has been held in this State and elsewhere that

there are numerous statutory crimes wherein the principal is chargeable with the acts of his agent, even though such acts are done without the knowledge or consent of the principal, and in some cases even against the principal's express directions. Especially is this so in cases like the present case where intent is not an essential element of the crime.

If we should follow the reasoning in the case of *People* v. *Tyrrell* (*supra*) then a prosecution of the waiter Sall would be unsuccessful as subdivision 3 of section 106 of the Alcoholic Beverage Control Law apparently relates to a retail licensee; on the other hand, if we should support the contention of the defendant, then no criminal prosecution would lie against the defendant. We would thus have no person at such licensed location chargeable with and responsible for a violation of such subdivision 3 of section 106, under the circumstances of this case.

It does not seem reasonable to suppose that the Legislature, either purposely or by inadvertence, enacted the Alcoholic Beverage Control Law intending that in cases like this persons could violate its provisions with impunity.

It is extremely difficult to regulate or control the traffic in alcoholic beverages (as the experience of the past clearly indicates) without unnecessary technical legal obstacles.

The court believes that the legislative intent was to make an effective and enforcible statute, and that it is the duty of the court to give full effect to the apparent action of the Legislature. To do otherwise would be to make the Alcoholic Beverage Control Law a useless gesture.

Section 764 of the Code of Criminal Procedure requires the appellate court, after hearing the appeal, to give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendant. The court believes the defendant in this case had a fair and impartial trial and no errors were committed which affected or prejudiced his substantial rights.

In carrying out what the court believes to be a fair and reasonable construction of subdivision 3 of section 106 of the Alcoholic Beverage Control Law in accordance with the legislative intent, it finds and holds that the defendant was liable for the acts of his waiter Sall, under the doctrine of *respondeat superior*, which doctrine is deemed to apply to the instant case.

The judgment of conviction is, therefore, affirmed and an order and judgment may be entered accordingly.