Milton A. Wiltse, J.
The defendant, David L. De Lancett, above named, through his attorney, Frederic S. Kendall, Esq., moves for an order granting permission to inspect the Grand Jury minutes upon which the indictment herein is based, and also moves for a dismissal of the indictment against said *1022 defendant, David L. De Lancett, alleging that testimony produced before the Grand Jury was insufficient to support the said indictment as a matter of law.
The indictment in question was returned by the February, 1958 Grand Jury of Jefferson County, held in connection with a Trial Term of the Supreme Court in and for said county, and was thereafter transferred to the County Court of Jefferson County, by order duly entered in the office of the Clerk of said county, for further proceedings.
A transcript of the testimony that was considered by the said Grand Jury has been read and examined by the court, and all specifications relied upon by counsel, as grounds for said application, have been carefully considered.
The evidence here presented to the Grand Jury, with respect to the defendant, appears to fall short of the requirements under the law with respect to the indictment returned. The record does not substantiate that there was sufficient or legal testimony, before the Grand Jury which returned the said indictment, to warrant the finding of the same.
Although the motion herein was primarily for the inspection of the Grand Jury minutes, preparatory to moving to dismiss the indictment, it appears that where the indictment has been found without sufficient evidence, or upon illegal testimony, the court has inherent power to dismiss the indictment without passing upon the motion for an order to inspect the Grand Jury minutes. (People v. Walsh, 92 Misc. 573; People v. Hirschberg, 37 N. Y. S. 2d 861.)
That being the situation in the instant matter, and the defendant having also moved to dismiss the indictment as above mentioned, the indictment as to David L. De Lancett, the defendant herein, is dismissed, with leave to the District Attorney to resubmit the matter to another Grand Jury, upon application to the proper court within statutory limits of time, the motion to inspect the Grand Jury minutes being not passed upon.