Louis G. Bruhít, J.
This is a motion on behalf of the defendant, Robert Teetsel, for an order granting him permission to inspect the Grand Jury minutes of the December 1957 Supreme Court Grand Jury.
Pursuant to subdivision 2-a of section 39 of the Code of Criminal Procedure, this court has jurisdiction of such a motion.
The object of such a motion is not to supply an accused with evidence prior to trial but to lay the basis for a motion to dismiss the indictment where there is reason to believe that the evidence before the Grand Jury is insufficient' or illegal. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 31.)
The law seems well settled that on such a motion the Judge is authorized to read the minutes of the Grand Jury. (People v. Howell, 3 N Y 2d 672, 675.)
In keeping with the customary practice this court has examined the Grand Jury minutes, as well as the moving affidavit submitted.
While the instant motion is primarily for the inspection of the Grand Jury minutes preparatory to a motion to dismiss the indictment, the court has inherent power'to dismiss the indictment without passing upon the motion to inspect if it appears the indictment was found without sufficient evidence, or upon illegal testimony. (People v. Walsh, 92 Misc 573; People v. Hirschberg, 37 N. Y. S. 2d 861; People v. Navarra, 8 Misc 2d 497; People v. De Lancett, 9 Misc 2d 1021.)
The indictment in question, No. 5230, charges the defendants jointly with a violation of section 65 of the Alcoholic Beverage Control Law of the State of New York in that they “ on. or about the 6th day of December, 1957, caused or permitted alcoholic beverages to be delivered to a minor actually under the age of eighteen years ” (italics supplied).
Said section 65 provides in part:
“ No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to
“1. Any minor, actually or apparently under the age of eighteen years ” (italics supplied).
This court is fully aware of the fact that the-appellate courts in proceedings pursuant to article 78 of the Civil Practice Act to review a determination of the State Liquor Authority have consistently held that under the regulatory statute intent or *837 knowledge on the part of the licensee is immaterial, in order to provide increased protection for the young and that 4 4 Every licensee has the statutory responsibility of seeing to it that sales of alcoholic beverages are not made to persons less than eighteen years of age and assumes the risk of such sales ”. (Matter of Barnett v. O’Connell, 279 App. Div. 449, 450; Matter of Erin Wine & Liquor Store v. O’Connell, 283 App. Div. 443, 447, affd. 307 N. Y. 768; Matter of Sheibar v. New York State Liquor Auth., 4 A D 2d 442.)
Even in those proceedings, however, to sustain a determination by such Authority there must be “ substantial evidence ” to support the finding. (Matter of Erin Wine & Liquor Store v. O’Connell, supra.)
Thic court is likewise fully aware that other jurisdictions are divided on the question of whether or not a licensee may be criminally indicted for an illegal sale to a minor by his agent, in his absence and contrary to his instructions.
However, in those jurisdictions holding that such licensee can be indicted, the statute, in most cases, is directed against a licensee and the doctrine of respondeat superior is invoked to justify criminal responsibility on such licensee.
Even in our own State such doctrine apparently applies to sections of the Alcoholic Beverage Control Law where such section is directed specifically against the licensee or the licensed premises. (See Alcoholic Beverage Control Law, § 106.) (People v. Hawk, 156 Misc. 870, affd. 268 N. Y. 678.)
Curiously enough, subdivision 6 of section 106 (supra) provides: “No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly ’ ’. (Italics supplied.)
The Court of Appeals in interpreting such italicized phrase in Matter of Migliaccio v. O’Connell (307 N. Y. 566, 568) had this to say: “In considering what is implied by the phrase 4 suffer or permit ’ as employed in the statute quoted above, we are guided by what was written for this court (per Cardozo, J.) in People ex rel. Price v. Sheffield Farms (225 N. Y. 25, 30): 4 Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence ’ ”.
If 44 suffer ” implies knowledge, certainly no less can be said of 44 cause ”.
*838 Judge Cakdozo further stated in People ex rel. Price v. Sheffield Farms (225 N. Y. 25, 31) that: “Permission, like sufferance, connotes something less than consent. Sufferance, like permission, connotes some opportunity for knowledge.”
Therefore, it certainly would seem that to cause or permit an act would imply the power to prohibit, prevent or hinder it.
Again we must bear in mind that such section and subdivision is directed specifically against a licensee while section 65 is directed against any ‘ ‘ person ’ ’ whether licensee, employee or you or me.
If the doctrine of respondeat superior is to be extended to section 65, it would appear to be a matter for the Legislature and not for the courts.
While this court is in full sympathy and accord with the efforts of the Authority and the enforcing agencies in rigidly enforcing the provisions of the Alcoholic Beverage Control Law, especially in sales to minors, nevertheless, this court is now dealing with a penal rather than a regulatory proposition.
Certainly justice dictates something more than bare proof of an illegal sale by an agent upon which to predicate a criminal violation against the principal charging that he ‘ ‘ caused or permitted alcoholic beverages to be delivered to a minor actually under the age of eighteen years ’ ’.
Direct authority on the proposition in question is rather sparse. However, in People v. Utter (44 Barb. 170) at page 172, the court stated: “Where, as in this case, the sale is not made by the defendant personally or in his presence, the presumption of his innocence is not overcome by merely showing that the sale was made on his premises, by his bar tender, unless the evidence also shows that the defendant in some manner participated in it, connived at it, or assented to it ”.
The same can well be said in the instant case so far as the defendant, Teetsel, the licensee, is concerned.
Therefore, in view of the foregoing, and believing insufficient evidence was before the Grand Jury against the defendant, Robert Teetsel, the indictment as to him is dismissed, with leave to the. District Attorney to resubmit the matter to another Grand Jury, the motion to inspect the Grand Jury minutes not ■ being passed upon.
Submit order accordingly.