Raymond J. Mino, J.
This is a motion to inspect the Grand Jury minutes.
The indictment accuses the defendant of the crime of fraudulently secreting personal property in violation of section 940 of the Penal Law in that the defendant, John A. Mancini, did willfully, and with intent to defraud, secrete certain personal property, said defendant having theretofore executed a mortgage of personal property or instrument intended to operate as such covering said personal property.
It is fundamental that an indictment must he based upon evidence which, “ would, if unexplained or uncontradicted, warrant a conviction by the trial jury ” (Code Grim. Pro., § 251), and that an indictment is presumed to be based upon legal and sufficient evidence until there is substantial proof to the contrary (People v. Glen, 173 N. Y. 395).
Section 940 of the Penal Law provides, in pertinent part, as follows: “A person who, having theretofore executed a mortgage of personal property, or any instrument intended to operate as such * * * secretes * * * property, upon which the mortgage or other instrument is at the time a lien, with intent thereby to defraud the mortgagee * * * is guilty of a misdemeanor.”
The defendant contends that the testimony before the Grand Jury was insufficient, as a matter of law, to base an indictment against him because he was not a conditional vendee or chattel mortgagor and, therefore, was not a person who had heretofore executed a mortgage of personal property or any instrument intended to operate as such. This contention impels the court to examine the instant Grand Jury minutes. Ample authority to do so exists (People v. Howell, 3 N Y 2d 672).
Such examination reveals that only one witness testified before the Grand Jury. The evidence leaves no doubt that this defendant did not execute a chattel mortgage or similar instrument. He, therefore, was not a chattel mortgagor or conditional vendee, and he is not a person within the purview of section 940 of the Penal Law.
*57 The object of a motion to inspect is not to supply an accused with evidence prior to trial but to lay the basis for a motion to dismiss the indictment where there is reason to believe that the evidence before the Grand Jury is insufficient or illegal (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24).
While this motion is made for the purpose of inspecting the minutes, this court can, nevertheless, assert and exercise the power to set aside an indictment whenever it has been made to appear that it has been found without evidence or upon illegal and incompetent testimony. This power is based upon the inherent right and duty of the court to protect the citizens in their constitutional prerogative to prevent oppression or persecution. (People v. Walsh, 92 Misc. 573; People v. Navarra, 8 Misc 2d 497; People v. De Lancett, 9 Misc 2d 1021.) When it appears that an indictment is founded on evidence which is insufficient to warrant a conviction, the courts must set it aside. (People v. Nitzberg, 289 N. Y. 523; People v. Sweeney, 213 N. Y. 37; People v. Glen, 173 N. Y. 395, supra; People v. Howell, 3 N Y 2d 672, supra.)
The indictment is dismissed; the motion to inspect the Grand Jury minutes has not been passed upon.