■ In the Matter of MAINE MAID, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act to annul a determination of the respondent State Liquor Authority, made May 15, 1962 after hearings, which suspended petitioner's restaurant liquor license for a period of 30 days, prohibited traffic by petitioner in alcoholic beverages for a period of 10 days, beginning June 18, 1962 and, conditionally, deferred execution of the penalty for the balance of the 30-day period. By an order of the Supreme Court, Nassau County, made July 12, 1962, pursuant to statute (Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. The suspension was based on a finding that petitioner "sold, delivered or gave away or permitted liquor and/or wine to be sold, delivered or given away for consumption off the premises", in violation of subdivision 3 of section 106 of the Alcoholic Beverage Control Law. In our opinion, the respondent properly concluded that petitioner had violated the statute. In reaching its determination, respondent found that two perfidious members of petitioner's personnel had given away the liquor involved. One of such personnel was the secretary-treasurer of the corporate petitioner; he was also a corporate director and the manager of the premises. It was he who assumed to execute the transaction

on his own initiative; indisputably it was he who made an entry in the corporate cash book characterizing the transaction as a loan. The other was the corporation's accountant. Respondent further found that this taking of petitioner's property occurred without the prior knowledge or consent of petitioner's sole stockholder and president, who functioned as an absentee principal, who alone had a capital investment in the corporation and who alone would incur a financial loss by such transaction. Although the corporate petitioner disclaims responsibility for the acts of its representatives, it is answerable as licensee for the acts of its duly appointed officer, director and manager who breached the trust reposed in him, in violation of the statutory proscription which was binding on the corporation. Where, as here, the mere violation of the positive mandate of the statute constitutes the offense, the act of the representative is chargeable to the corporation, irrespective of its claim of lack of knowledge or intent (*People* v. *Canadian Fur Trappers,* 248 N. Y. 159, 163). Nor may the absentee owner or sole stockholder of the corporation seek its exculpation by the plea of his ignorance of the representative's acts where (as here) personal supervision would have discovered and prevented the commission of the offense (*People ex rel. Price* v. *Sheffield Farms,* 225 N. Y. 25, 29–31). Where the violation of the statutory command constitutes the offense, the principal's lack of awareness of the representative's acts does not excuse the offense (*People* v. *Hawk,* 156 Misc. 870, affd. 268 N. Y. 678). In view of the fact that what occurred here was an offense perpetrated by one who was registered with respondent as the corporate managing agent, and who made an entry in the corporate books of account in an attempt to regularize the transaction, we find no basis for the dissenting Justice's view that a larceny of petitioner's goods took place. In any event, no such claim is presently advanced by the petitioner. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Kleinfeld, J., dissents and votes to annul the determination, with the following memorandum: The offense charged was a violation of subdivision 3 of section 106 of the Alcoholic Beverage Control Law, which provides that a retail licensee shall not "sell, deliver or give away, or cause or permit or procure to be sold, delivered or given away any liquors" for off-premises consumption. The basic facts are undisputed. Petitioner Maine Maid, Inc., has a restaurant liquor license. It is a closely held corporation, wholly owned by one Donohue, who is also its president and a director. Donohue employed one Reiser as manager, secretary-treasurer and a director of petitioner. Donohue also employed one Sokolow as accountant. Reiser and Sokolow, on their own, and without any participation by Donohue, opened a bar and grill known as "Copa City." Then, without Donohue's knowledge or consent, they *stole* liquor from petitioner and turned it over to their own bar and grill, Copa City, for consumption on the latter's premises. On these facts, the State Liquor Authority and the majority of my colleagues have found that petitioner violated the above-quoted statute. In my opinion, this finding is contrary to the facts, law and logic. To say that a *theft* of liquor from a licensee is a sale, delivery or gift of that liquor by the licensee, or that in such case the licensee permitted the sale, delivery or gift of the liquor, is a wholly unwarranted distortion and extension of the statutory language and intent. On these facts, I see no valid basis for a holding that the statute has been violated by the petitioner.