## TOWN OF LAKE PARK v. PETRAITIS.
No. 64-L-472.

Circuit Court, Palm Beach County.

January 7, 1965.

John M. Farrell of Burns, Middleton, Rogers & Farrell, Palm Beach, for appellant.

Herbert L. Gildan of Nason & Gildan, West Palm Beach, for appellee.

JAMES R. KNOTT, Circuit Judge.

This is an appeal from the municipal court of the town of Lake Park, wherein Anthony Petraitis was adjudged guilty of permitting the sale of beer to a minor, in violation of sec. 562.11 (1), Florida Statutes, and fined $100 with an alternate jail sentence.

The evidence before the trial court showed that a white male 17 years of age bought a package of bottled beer at a package store owned and operated by appellant from an unidentified man apparently employed there; that the sale was made without the knowledge, participation or consent of the appellant and, according to his uncontradicted testimony, in violation of his express instructions to his employees against sale to minors. The purchaser was not questioned regarding his age nor requested to produce identification. The record is bare of evidence as to his apparent age.

Counsel for the town of Lake Park contend, in effect, that the failure of appellant's employee to use reasonable means to determine the age of his customer under the circumstances stated renders appellant subject to a criminal penalty regardless of lack of intent or knowledge. This court cannot agree. The principle involved is illustrated in the case of People of the State of New York v. Teetsel, 177 N.Y.S. 2d 612, where the court said —

"While this court is in full sympathy and accord with the efforts of the authority and the enforcing agencies in rigidly enforcing the provisions of the Alcoholic Beverage Control Law, especially in sales to minors, nevertheless this court is now dealing with a penal rather than a regulatory proposition.

"Certainly justice dictates something more than bare proof of an illegal sale by an agent upon which to predicate a criminal violation against the principal charging that he 'caused or permitted alcoholic beverages to be delivered to a minor actually under the age of eighteen years.'

"Direct authority on the proposition in question is rather sparse. However, in People v. Utter, 44 Barb. 170, at page 172, the court stated —

'Where, as in this case, the sale is not made by the defendant personally or in his presence, the presumption of his innocence is not overcome by merely showing that the sale was made on his premises, by his bartender, unless the evidence also shows that the defendant in some manner participated in it, connived at it, or assented to it.' "

The judgment and sentence of the municipal court are reversed.