■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN DANCHAK et al., Respondents, et al., Defendants.— GIBSON, P. J. Appeal by the People from that part of an order of the County Court of Sullivan County which dismissed, as to defendants John Danchak, Sr., and Kathryn Danchak, for insufficiency of the evidence before the Grand Jury, an indictment charging five defendants with violating subdivision 1 of section 65 of the Alcoholic Beverage Control Law, prohibiting sales of alcoholic beverages to minors actually or apparently under the age of 18 years. The People do not appeal from that part of the order which dismissed the indictment as to defendant David Danchak. The defendants John Heib and John Danchak, Jr., take no appeal from that part of the order which denied their motion to dismiss; but are the petitioners in a proceeding commenced in this court under article 78 of the CPLR to restrain further prosecution under the indictment; such proceeding being decided herewith (*Matter of Heib* v. *Newberg*, 24 A D 2d 691). There was evidence that defendant Kathryn Danchak, one of the licensees, was on the premises and working as a checker when the sale or sales charged were made but there was no competent evidence that defendant John Danchak, Sr., the other licensee, was present; and there was no evidence that either of them observed or physically participated in the sale. The licensees were, nevertheless, under a nondelegable duty, and liable criminally for their employees' violation of the statute. (*People* v. *Leonard*, 8 N Y 2d 60; *People ex rel. Price* v. *Sheffield Farms-Slawson Decker Co.*, 225 N. Y. 25; *People* v. *Hawk*, 156 Misc. 870, affd. 268 N. Y. 678.) In *Commonwealth* v. *Koczwara* (397 Pa. 575), cited and approved in *Leonard* (*supra*), a conviction of a licensee under a statute similar to ours was sustained, although there was "no evidence that the defendant was present * * * nor that he had any personal knowledge of the sales" (p. 579). In the case before us, the County Court dismissed on the authority of *People* v. *Griesebacker* (6 A D 2d 679), which is not in point, and *People* v.

*Teetsel* (12 Misc 2d 835), which proceeded on the theory that the prohibition of subdivision 1 of section 65, being directed against a "person", differed significantly from other provisions interdicting certain acts by a "retail licensee" or "a person licensed to sell" (see, e.g., § 106, subds. 1–3, 6); but subdivision 1, as originally enacted (L. 1934, ch. 478, § 65), was specifically directed to the "retail licensee", and the amendment (L. 1937, ch. 521) whereby the words "No person" were substituted for "No retail licensee" was not intended to soften the impact of the statute upon the licensee but to extend its application to additional classes of violators. Material in the Governor's bill jacket clearly indicates that the amendment was intended to correct a deficiency and to make a sale to a minor a violation "irrespective of whether it is made by the licensee, his employee or any other person." (Governor's bill jacket for L. 1937, ch. 521.) In any event, the *Griesebacker* case and the *Teetsel* case are not, of course, authoritative insofar as they may be inconsistent with the later decision of the Court of Appeals in *People* v. *Leonard* (*supra*). Order, insofar as appealed from, reversed, on the law and the facts, motion to dismiss indictment as to defendants John Danchak, Sr., and Kathryn Danchak denied, and indictment, as to them, reinstated. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.