OPINION OF THE COURT
Per Curiam.
Order dated December 29,1983 modified by reversing, on the law, so much thereof as granted defendant’s motion to dismiss the complaint, the complaint is reinstated, and the matter remanded to the Criminal Court for further proceedings; as modified, order affirmed.
The criminal complaint, as amended, alleged that one Thomas Byrne sold or caused or permitted to be sold alcoholic beverages to persons under the age of 19 years at a Bronx tavern in violation of Alcoholic Beverage Control Law § 65 (1). The complaint further alleged that defendant herein, James Byrne (brother of Thomas Byrne), was also in violation of that statute in his capacity as president and 50% stockholder of the corporate licensee which operated the tavern. Criminal Court dismissed the accusatory instrument against James Byrne, concluding that it was legally insufficient due to the absence of factual *449 allegations that James Byrne was present in the tavern at the time the alcoholic beverages were served or that he had notice of or participated in such conduct.
Alcoholic Beverage Control Law § 65 (1), which defines “prohibited sales”, provides that:
“No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to
“1. Any person, actually or apparently under the age of nineteen years”.
The purpose of the statute is to protect minors from their own immaturity, lack of experience and judgment (Matter of Erin Wine & Liq. Store v O’Connell, 283 App Div 443, affd 307 NY 768). The service or sale of alcoholic beverages to minors is malum prohibitum and is not excused by ignorance or a mistake of facts (People v Werner, 174 NY 132). In dismissing the complaint, the lower court relied upon People v Griesebacker (6 AD2d 679, 680), where it was held that the statute was “designed to embrace conduct where parties participate directly or indirectly in actual immediate service to a minor”. However, subsequent decisions cast doubt upon the vitality of that precedent. In People v Leonard (8 NY2d 60), drinks were prepared by the defendant restaurant owner in the bar area and relayed to a waitress, who served them to minors in the dining room. The Court of Appeals (supra, p 62) reversed the dismissal of the information, stating, “[S]ince intent is not a necessary ingredient of this crime, [defendant] is responsible for the act of his employees”. In another case, closely akin to the one before us, one of the licensees was working on the premises as a checker when the sale of an alcoholic beverage to a minor was made. However, no competent evidence existed that the other licensee observed the sale or physically participated in the sale. The court, nonetheless, reinstated an indictment against both licensees, holding that the licensees were under a nondelegable duty and liable criminally for their employees’ violation of the statute; the Griesebacker case was expressly not followed as inconsistent with the later decision of the Court of Appeals in People v Leonard (People v Danchak, 24 AD2d 685).
The defendant, if adjudged a responsible officer of the corporate licensee, may be held criminally liable notwithstanding his lack of knowledge of, or participation in, the criminal act (Hershorn v People, 108 Col 43,113 P2d 680, cited with approval in People v Leonard, supra, p 62; see generally, United States v Park, 421 US 658, 670-673).
*450 The argument (raised for the first time on appeal) that the acquittal of Thomas Byrne now bars the prosecution of defendant James Byrne, lacks merit. A defendant whose own interests were not put directly in issue at the prior trial may not use the doctrine of collateral estoppel as a bar to his own prosecution (People v Berkowitz, 50 NY2d 333, 346-347). It is irrelevant that the People, in the prior prosecution, failed to prove an element that they will have to prove in defendant’s prosecution (People v Oleksowicz, 101 AD2d 119, 125).