*463 OPINION OF THE COURT
Titone, J.
Section 65 (1) of the Alcoholic Beverage Control Law prohibits the sale of alcoholic beverages to minors, and section 130 (3) makes a violation of that prohibition a misdemeanor. It is well established that the crime created by these statutes is one of "strict liability” for which proof of the accused’s guilty knowledge or intent is not required (e.g., People v Leonard, 8 NY2d 60; People v Werner, 174 NY 132). The question presented on this appeal is whether these statutes also create a crime of "vicarious liability,” permitting conviction of a natural person for the acts of another solely because of the parties’ business relationship.
On March 12, 1983, Thomas Byrne, defendant James Byrne’s brother, allegedly sold alcoholic beverages to two individuals who were under the age of 19.[1] The alleged sales occurred in a Bronx County tavern known as Manions, which was owned by a corporate entity called Tullow Taverns, Inc. Defendant and his brother Thomas each owned 50% of the shares of this corporation. Additionally, defendant held the title of corporate president, while Thomas was designated secretary-treasurer.
Defendant and Thomas Byrne were both charged with violating Alcoholic Beverage Control Law § 65 (1) by "sell[ing] or causing] or permitting] to be sold alcoholic beverages, to wit; beer to [a] person * * * being actually or apparently under the age of nineteen years.” Following pretrial motions, the charges against defendant were dismissed because there were no "factual allegations that [defendant] was present in the tavern at the time the alcoholic beverages were served or that he had notice of or participated in such conduct.” (128 Misc 2d 448, 449.) However, the Appellate Term reversed the dismissal order and reinstated the charges, holding that "[t]he defendant, if adjudged a responsible officer of the corporate licensee, may be held criminally liable notwithstanding his lack of knowledge of, or participation in, the criminal act” *464 (supra, at 449). Defendant’s application for leave to appeal to this Court from the Appellate Term order was denied (65 NY2d 977).
Defendant was subsequently tried before a jury. The evidence at his trial established only that defendant’s brother Thomas had sold beer to two underage individuals on the premises of Manions, that defendant was a shareholder and officer of Manions’ corporate owner and that defendant had previously assumed some managerial responsibilities. There was no proof that defendant was present during, or had any other connection with, the illicit sales for which he was charged. Nonetheless, the jury was instructed that it could find defendant guilty of violating Alcoholic Beverage Control Law § 65 (1) if, in addition to determining that Thomas Byrne had made the sales in violation of the statute, the jury believed that defendant was a "responsible officer” of Tullow Taverns, Inc. Defendant was convicted and sentenced to pay a fine. Following his conviction, defendant appealed to the Appellate Term.[2] The present appeal from the Appellate Term order affirming the judgment of conviction is here by leave of a Judge of this Court.
Since it is undisputed that defendant did not participate, encourage or know about the March 12, 1983 illicit sales, and, in fact, was not even present in Manions tavern when the sales occurred, he can have no criminal liability for those sales, unless Alcoholic Beverage Control Law § 65 (1) and § 130 (3) are construed to authorize the imposition of vicarious liability based solely upon defendant’s status as a shareholder and "responsible” officer of Manions corporate owner. Before considering the vicarious liability question, however, we note our rejection of the People’s contention that defendant should now be foreclosed from raising it because his prior application to appeal to this Court, which concerned the same issue, was denied. A denial of leave to appeal to the Court of Appeals by an individual Judge or Justice does not represent a determina *465 tion on the merits barring further litigation of any "claims which could have been litigated” had the appeal been permitted (Bray v Cox, 38 NY2d 350, 355; cf., People v Corley, 67 NY2d 105, 109).
Turning to the merits of the vicarious liability question, we begin our analysis with the specific language of the controlling Alcoholic Beverage Control Law provisions. Both section 65 (1), which defines the prohibited conduct, and section 130 (3), which criminalizes violations of section 65 (1), speak in terms of acts committed by "a person.”[3] Neither statute contains express language extending the legislatively imposed duty beyond the actor who actually engages in the prohibited conduct. Thus, if some form of vicarious liability is to be imposed, we must look elsewhere for a source of authority for doing so.
The People suggest that such a source of authority may be found in Alcoholic Beverage Control Law § 3 (22), which defines the term "person” to include corporations and other business entities, thereby authorizing the imposition of derivative liability, at least in one circumstance. However, the legislatively conferred authority to prosecute corporations for Alcoholic Beverage Control Law violations is quite specific and does not support the inference that the Legislature intended to effect a much broader rule of general vicarious liability for all criminal prosecutions under the Alcoholic Beverage Control Law, including those against natural persons.
Furthermore, any attempted analogy between the criminal liability of corporations and that of individuals falters because of the essential differences in the underlying theories supporting the imposition of derivative liability. It is true that when a corporation is prosecuted, the factual predicate for its liability is, invariably, the conduct of someone else, namely its agents or employees. However, since corporations, which are legal fictions, can operate only through their designated agents and employees (see, e.g., United States v Dotterweich, 320 US 277, 281), the acts of the latter are, in a sense, the acts of the corporation as well (see, e.g., People v Rochester Ry. & Light Co., 195 NY 102; cf., Penal Law § 20.20). Thus, when a *466 corporation is held criminally liable because it is a "person” under Alcoholic Beverage Control Law § 3 (22), it is, in reality, being made to answer for its own acts. Such a theory of liability is a far cry from one involving true vicarious liability, in which, by virtue of the parties’ relationship, the conduct of one individual is artificially imputed to another who "has played no part in it [and] has done nothing whatever to aid or encourage it” (see, Prosser and Keeton, Torts § 69, at 499 [5th Lawyer’s ed]).
Equally unpersuasive is the People’s attempt to extrapolate a legislative intention to impose vicarious liability from the fact that the statutes at issue create a strict liability crime. A crime of strict liability is one that does not require proof of a culpable mental state (Penal Law § 15.10; see, e.g., People v Munoz, 9 NY2d 51). The doctrine of vicarious liability, in contrast, eliminates the need to prove that the accused personally committed the forbidden act. Since the concepts are distinct, there is no reason to infer that a Legislature willing to adopt the former would also endorse the latter (see, LaFave & Scott, Criminal Law § 3.9, at 253 [2d ed]). Indeed, in the absence of a specific expression to the contrary, a legislative intention to impose criminal liability where the actual actor did not harbor a guilty state of mind and the person to be held liable did not participate in the proscribed conduct cannot sensibly be assumed (cf., People v Leonard, 8 NY2d 60, supra [tavern proprietor who was present and mixed the alcoholic beverages that were sold to minors held criminally liable, although he did not personally serve the minors]; but see, People v Hawk, 156 Misc 870, affd 268 NY 678).
Finally, where the Legislature has not clearly directed otherwise, we should be most reluctant to embrace the doctrine of vicarious liability for use in the criminal sphere. The doctrine runs counter to the generally accepted premise in the criminal law that individuals " 'must * * * answer for their own acts, and stand or fall by their own behaviour’ ” (Sayre, Criminal Responsibility for the Acts of Another, 43 Harv L Rev 689, 701).[4] Further, it is out of harmony with several *467 provisions of the Penal Law, which are instructive on the Legislature’s over-all attitude toward individual responsibility.
Penal Law § 15.10, for example, provides that "[t]he minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act,” thereby establishing the accused’s personal misconduct as the sine qua non for most criminal prosecutions (emphasis supplied). Penal Law § 20.00, which expressly authorizes holding one individual criminally liable for the acts of another, requires, as a minimal predicate for liability, proof that the individual personally engaged in some voluntary act that was specifically connected to the actor’s misconduct, such as "soliciting,” "requesting” or "aiding.” Similarly, even Penal Law §§ 20.20 and 20.25, which detail the circumstances under which corporations may be held liable for the acts of their agents and vice versa, do not go so far as to suggest that a corporate principal may be held liable for corporate acts in which he did not participate and which he did not intend. Indeed, holding this defendant liable merely because of his status as a corporate officer and shareholder would run counter to Penal Law § 20.25, which limits individual liability for corporate criminal acts to cases where the individual defendant personally "perform[ed] or cause[d] to be performed” "conduct constituting an offense.”
Penal Law § 15.15 (2) is also instructive. That statute provides that "unless clearly indicating a legislative intent to impose strict liability,” statutes imposing criminal liability should be construed to require some culpable mental state. By parity of reasoning, where the Legislature has not clearly and specifically mandated otherwise, statutes defining criminally punishable offenses should, consistent with Penal Law § 15.10, be construed to require some personal participation by the accused in the proscribed act (see, Penal Law § 5.05 [2]).
In closing, we stress that our decision in this case does not represent a policy-based rejection of the use of vicarious liability theories in criminal prosecutions (compare, LaFave & Scott, Criminal Law § 32, with Laylin & Tuttle, Due Process and Punishment, 20 Mich L Rev 614, 627, 641; see also, n 4, supra). The fairness and wisdom of imposing such liability are matters within the purview of the Legislature’s judgment, *468 provided, of course, that the constraints of due process are observed.[5] We merely hold here that in the face of legislative silence on the point, a legislative intent to authorize prosecution for another’s criminal conduct will not be inferred.
Accordingly, the order of the Appellate Term should be reversed and the complaint dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. In 1985, Alcoholic Beverage Control Law § 65 (l)’s age restriction was raised to 21 (L 1985, ch 274). At the time the events in this case took place, however, the legal age for drinking alcoholic beverages was 19.

. In addition to reiterating his argument that he could not be held vicariously Ijable for his brother’s acts, defendant contended in the second appeal that collateral estoppel principles precluded the People from trying him because Thomas had recently been acquitted of the same charges. Relying primarily upon People v McGriff (130 AD2d 141), the Appellate Term rejected the latter argument. Inasmuch as we are directing the dismissal of the charges against defendant on other grounds, we have no occasion to consider the propriety of this aspect of the intermediate appellate court’s decision.

. Alcoholic Beverage Control Law § 65 (1) provides: "No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages” to a minor (emphasis supplied). Section 130 (3) provides: "Any violation by any person * * * shall be a misdemeanor” (emphasis supplied).

. While some courts and commentators have suggested that the rule of individual accountability should give way in the area of so-called "regulatory” offenses, where the punishments are usually limited to small fines and the social interest in the injury is "direct and evident” (Sayre, Criminal Responsibility for the Acts of Another, 43 Harv L Rev 689, 720; accord, Hershorn v People, 108 Colo 43, 113 P2d 680; LaFave & Scott, Criminal Law *467 § 32), such arguments may be less persuasive in a case such as this, where the offense in question is not a petty offense, but rather is designated a "crime” punishable by up to one year in jail (see, Alcoholic Beverage Control Law § 130 [3]; Penal Law § 10.00 [4]; § 55.10 [2] [b]; § 70.15 [1]).

. Inasmuch as we conclude that the present statutory scheme does not authorize the imposition of vicarious liability, we do not consider whether a scheme that does permit such liability would violate the Due Process Clause of either the State or Federal Constitution.