■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LEONA ST. HELEN, Appellant. [742 NYS2d 640] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiollilo, J.), rendered July 23, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pointed a gun loaded with two bullets at the victim. He pulled the trigger twice, and the gun discharged. The victim later died of complications from the resulting injuries. The defendant claimed that while he knew the gun was loaded, he believed that there were no bullets in its first two chambers. He claimed that he was only playing a game with the victim, and that the shooting was an accident.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of murder in the second degree based upon depraved indifference to human life (*see* Penal Law § 125.25 [2]) and criminal possession of a weapon in the second degree.

It is irrelevant whether the defendant knew that the gun contained a bullet in either of the first two chambers. The only mental state required for depraved indifference murder is recklessness, and the defendant's mental state "is not pertinent to a determination of the additional element required for depraved indifference murder: whether the objective circumstances bearing on the nature of a defendant's reckless conduct are such that the conduct creates a very substantial risk of death" (*People v Roe,* 74 NY2d 20, 24; *People v Register,* 60 NY2d 270, 276-277, *cert denied* 466 US 953). "[T]he assessment of the objective circumstances evincing the actor's 'depraved indifference to human life'—i.e., those which elevate the risk to the gravity required for a murder conviction—is a qualitative judgment to be made by the trier of the facts" (*People v Roe, supra* at 25; *People v Register, supra* at 274-275). Pointing a loaded gun at the victim and pulling the trigger without first determining where the bullets were located presented a grave risk of death. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.