George ST. HELEN, Petitioner–
Appellee,

v.

Daniel A. SENKOWSKI, Respondent–
Appellant.

Docket No. 03–2777.

United States Court of Appeals,
Second Circuit.

Argued June 9, 2004.

Decided July 6, 2004.

Robert N. Isseks, Middletown, N.Y. for Appellee.

Edward D. Saslaw, Assistant District Attorney (Jeanine Pirro, District Attorney of Westchester County on the brief) White Plains, N.Y. for Appellant.

Before: WALKER, Chief Judge, WINTER and JACOBS, Circuit Judges.

PER CURIAM:

## BACKGROUND

We presume awareness of the background of this case and recite only the following details relevant to disposing of the appeal before us. Claiming that he was playing a joke on his friend, Rosmarie Taylor, George St. Helen placed a revolver loaded with one bullet on Taylor's buttocks and pulled the trigger twice. The bullet was in the second chamber of the revolver, and, on the second trigger-pull, the gun fired, injuring Taylor. Taylor later died in the hospital from surgery-related complications.

On July 23, 1998, after a jury trial, St. Helen was convicted in Westchester County of second degree—depraved indifference—murder and of criminal possession of a weapon in the second degree. He was sentenced to concurrent prison terms of twenty years to life and six to twelve years, respectively. On direct appeal, St. Helen challenged the sufficiency of the evidence against him, and the Appellate Division affirmed the conviction on April 29, 2002. *See People v. St. Helen*, 293 A.D.2d 765, 742 N.Y.S.2d 640 (App.Div. 2002). On August 22, 2002, leave to appeal to the New York Court of Appeals was denied, *People v. St. Helen*, 98 N.Y.2d 713, 749 N.Y.S.2d 11, 778 N.E.2d 562 (2002), and, shortly thereafter, St Helen filed the instant § 2254 petition in federal district court.

The gravamen of this appeal is whether, as the district court concluded, the New York Court of Appeals' interpretation of depraved indifference murder, under New York Penal Law § 125.25(2), and reckless manslaughter, under New York Penal Law § 125.15(1), has so blurred the distinction between the two crimes that the due process clause of the Federal Constitution is offended because selective enforcement and arbitrary and irrational jury verdicts result. *See Jones v. Keane*, 329 F.3d 290, 295–96 (2d Cir.2003); *People v. Sanchez*, 98 N.Y.2d 373, 748 N.Y.S.2d 312, 777 N.E.2d 204 (2002); *People v. Roe*, 74 N.Y.2d 20, 544 N.Y.S.2d 297, 542 N.E.2d 610 (1989); *People v. Register*, 60 N.Y.2d 270, 469 N.Y.S.2d 599, 457 N.E.2d 704 (1983).

## DISCUSSION

On appeal, the State argues that we need not reach the question referenced above because St. Helen failed to raise his constitutional claim in the New York state courts. We agree that St. Helen did not raise the claim in the state courts, and, although he is deemed to have exhausted those claims by procedurally defaulting on them, he has not shown the requisite cause and prejudice that would entitle him to relief. We therefore vacate the judgment of the district court without reaching the merits.

To satisfy the exhaustion requirement of 28 U.S.C. § 2254(b), a petitioner must "alert the state court to the constitutional nature of a claim" but need not "refer[ ][to] chapter and verse [of] the U.S. Constitution." *Ramirez v. Attorney Gen.*,

280 F.3d 87, 95 (2d Cir.2001)(quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 194 (2d Cir.1982)(in banc)("[T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim ... include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.")).

██ St. Helen's submissions to the Appellate Division challenged the sufficiency of the evidence and argued that the New York Court of Appeals' interpretation of depraved indifference murder and reckless manslaughter statutes is unworkable. St. Helen's Appellate Division brief raised only issues of state law; it did not cite a case, federal or otherwise, containing meaningful constitutional analysis.

Moreover, St. Helen's brief to the Appellate Division was neither sufficiently specific "to call to mind a specific right protected by the Constitution," nor did it allege "a pattern of facts that is well within the mainstream of constitutional litigation." *Ramirez*, 280 F.3d at 95 (quoting Daye, 696 F.2d at 194 (noting that, although petitioner's state brief asserted only a question of New York law, its specificity immediately called to mind the Sixth Amendment protection against ineffective assistance of counsel)).

██ To be sure, St. Helen's petition for leave to appeal to the New York Court of Appeals argued, *inter alia*, that review was appropriate in light of *Jones v. Keane*, No. 02 Civ. 1804, 2002 U.S. Dist. LEXIS 27418, *rev'd on other grounds*, 329 F.3d 290 (2d Cir.2003), in which Judge Brieant held that, because there was no distinction between reckless manslaughter and depraved indifference murder as interpreted by the New York Court of Appeals, the depraved indifference murder statute was unconstitutionally vague. However, raising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)("[W]here [a] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, [it will not] constitute fair presentation.")(internal quotation marks and citation omitted); *see also Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir.2000) (a federal constitutional claim has not been exhausted where raised for the first time in an application for discretionary review in the highest court of a state); *People v. Byrne*, 77 N.Y.2d 460, 464–65, 568 N.Y.S.2d 717, 570 N.E.2d 1066 (1991) ("A denial of leave to appeal to the Court of Appeals by an individual Judge or Justice does not represent a determination on the merits ....").

██ Nonetheless, even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it has become procedurally barred under state law. *See Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir.1991). St. Helen has procedurally defaulted on his vagueness claim because New York's procedural rules now bar him from raising it in New York courts. Further direct review by the Court of Appeals is no longer available, *see* N.Y. Court Rules, § 500.10(a)(authorizing only one request for review of a conviction), and the failure to have raised the claim on direct review now forecloses further collateral review in state court, *see* N.Y.Crim. Proc. Law § 440.10(2)(c) (bar-

ring review if claim could have been raised on direct review). In the case of procedural default (including where an unexhausted claim no longer can proceed in state court), we may reach the merits of the claim "only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks and citations omitted). St. Helen has not met this standard.

## CONCLUSION

Accordingly, and for the foregoing reasons, we reverse.