THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* SYDNEY SEIGEL, Respondent.

Submitted April 5, 1950; decided May 25, 1950.

*Miles F. McDonald, District Attorney (David Diamond* of counsel), for appellant. Defendant was properly convicted of the crime charged. (*People* v. *Gravenhorst,* 32 N. Y. S. 2d 760.)

*Samuel Epstein* for respondent. I. The People failed to establish prima facie that this penny vending machine was used as a gambling device within the meaning of section 982 of the Penal Law. (*Times Amusement Corp* v. *Moss,* 160 Misc. 930, 247 App. Div. 771; *People* v. *Gravenhorst,* 32 N. Y. S. 2d 760; *Matter of Mapakarakes,* 169 Misc. 766; *People* v. *Fitzgibbons,* 33 N. Y. S. 2d 377; *Savoy Vending Co.* v. *Valentine,* 178 Misc. 1; *People* v. *Bitter,* 32 N. Y. S. 2d 176; *People* v. *Boxer,* 24 N. Y. S. 2d 628.) II. The fact that a machine is unpredictable in its operation, in and of itself does not make that machine a gambling device within the contemplation of section 982 of the Penal Law. (*Seaboard N. Y. Corp.* v. *Wallander,* 192 Misc. 227; *People* v. *Gravenhorst,* 32 N. Y. S. 2d 760; *People* v. *Rivero,* 190

Misc. 1050; *Matter of Shapiro* v. *Moss,* 245 App. Div. 835; *People* v. *Boxer,* 24 N. Y. S. 2d 628; *Times Amusement Corp.* v. *Moss,* 160 Misc. 930, 247 App. Div. 771; *People* v. *Mills,* 160 Misc. 730; *Matter of Mapakarakes,* 169 Misc. 766; *Scientific Mach. Corp.* v. *Simmons,* 267 App. Div. 917; *People* v. *Reilly,* 255 App. Div. 109, 280 N. Y. 509.)

*Per Curiam.* Defendant was convicted of the crime of keeping a slot machine in violation of section 982 of the Penal Law. The machine, which defendant permitted to stand on the counter in his candy store, would, upon the insertion of a penny dispense either a ball of chewing gum or a small trinket enclosed in a transparent plastic ball. The gum and the trinkets were in a spherical glass container and were visible to the user of the machine. It was stipulated that there were more gum balls than trinkets in the machine and that it was impossible to predict whether the machine would dispense a gum ball or a trinket. There was no proof that the gum balls were worth more or less than the trinkets from a monetary point of view.

We hold that the device was a slot machine within the definition thereof in subdivision 2 of section 982. There was concededly an element of chance, unpredictable by the user, involved in its operation. Under the particular facts of this case, it is immaterial that there was no proof of a difference in intrinsic value between the various objects obtainable from the machine. The trinkets were of some value, and there was a difference in subjective value between the trinkets and the gum balls, even if not in exchange value. As stated in the dissent below, "To the avid eyes of a child, the trinket is a treasure" (276 App. Div. 984).

The order of the Appellate Division should be reversed and case remitted to that court for its determination of the facts in accordance with section 543-a of the Code of Criminal Procedure.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.