Foster, J.
Defendant was charged with and convicted, after a jury trial in a Court of Special Sessions, of selling an alcoholic beverage to a minor under the age of 18 years, in violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law. The County Court of Suffolk County reversed the conviction as a matter of law and dismissed the information. In its memorandum the County Court said: “in the absence of an analysis or other competent evidence as to the contents of the drink the People have failed to prove that it was an alcoholic beverage which had been served ’ ’.
Defendant is the owner of a restaurant and bar in Easthampton, New York, known as the Harbor Club. On the occasion in question one Bruce Erickson, who was 16 years of age, and three other youthful companions entered the establishment of the defendant and seated themselves in a booth in the dining room. An employee attended them and took their orders. The minor Erickson ordered a rye and ginger ale, as did two of his companions. The fourth person ordered a “ screwdriver ”, said to be a drink of orange juice and gin. The orders were relayed to the defendant who was tending bar, and a waitress served four drinks on a tray. Erickson took a sip from his glass but did not testify as to what it contained. Only one of the party testified that he recognized the taste of his drink and that it was rye and ginger ale. Erickson paid for all of the drinks in the sum of $2.35. The defendant, who testified in his own behalf, admitted the charge to be correct, 70 cents for the “ screwdriver ” and 55 cents each for rye and ginger ale.
As the case comes to us, there is presented a question of law as to whether the foregoing evidence presented a prima facie case on the part of the People. We think it did. The evidence that a beverage referred to as rye and ginger ale was ordered, served and paid for was sufficient at least to present a jury *62 question as to whether an alcoholic beverage was served (People v. Marx, 128 App. Div. 828). The courts have noted as a matter of common knowledge that drinks of certain names and descriptions are alcoholic beverages within the meaning of regulatory statutes (McDonnell v. United States, 19 F. 2d 801, 804, cert, denied 275 U. S. 8. 551; People ex rel. Lanci v. O’Reilly, 129 App. Div. 522, 524, affd. 194 N. Y. 592; People v. Cashdollar, 188 App. Div. 9, 10).
While the evidence relied upon by the People is largely circumstantial this does not ipso facto condemn the People’s case. The same test is to be applied as in any criminal case, i.e., whether the evidence “ points logically to defendant’s guilt and excludes, to a moral certainty, every other reasonable hypothesis ” (People v. Harris, 306 N. Y. 345, 351; People v. Taddio, 292 N. Y. 488, 489; People v. Bearden, 290 N. Y. 478, 480). There is no well-considered authority to sustain the determination of the court below to the effect that the crime charged may be proven only by direct evidence as to the nature of the beverage sold.
One other point may be considered. The defendant prepared the drinks but did not actually serve them. Nevertheless, since intent is not a necessary ingredient of this crime, he is responsible for the act of his employees (People v. Hawk, 156 Misc. 870, affd. 268 N. Y. 678; Commonwealth v. Koczwara, 397 Pa. 575; Hershorn v. People, 108 Col. 43; State v. Schull, 66 8. D. 102).
The order of the County Court should be reversed and the case remitted to that court for its determination of the facts in accordance with sections 543-a and 543-b of the Code of Criminal Procedure (People v. Kruger, 302 N. Y. 447, 450; People v. Seigal, 301 N. Y. 43, 45).
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order of the County Court reversed and the case remitted to that court for its determination of the facts in accordance with the opinion herein.