Eugene R. Canudo, J.
Much confusion is generated in our criminal proceedings, all too often, by efforts to relate the production or nonproduction of stolen property to the best evidence rule. The issue in such eases is whether a larceny can *809 be proved without bringing in either the physical object which was stolen or some writing that shows who owns it. To put it another way, the point is often made that the stolen object or some tag or memorandum attached or affixed to it constitutes the best evidence of the larceny.
No New York decision has been found on this precise issue. This is the reason for the explanation which follows.
The case before the court involves a supermarket owner (the complainant) who, while manning the checkout register near the exit, saw the defendant Ralph Campbell go past him with an armful of meat, subsequently estimated at $30 worth. When he called out, Ralph quickened his pace and left the store. The owner took off after him, gave chase around the corner, and saw Ralph enter a car. The motor was running. As the complainant paused to jot down the license plate number, the meat was thrown from the car. While this was happening a police patrol car came upon the scene. In a matter of seconds Ralph and codefendant Ronald Campbell (who was at the wheel of the car) were under arrest, charged with the Class A misdemeanor of petit larceny.
At the preliminary hearing the complainant testified that the meat, once repossessed, was cleaned, rewrapped and sold in the regular course of the supermarket’s business. The meat obviously was not produced at the hearing, which took place three weeks after the incident. Such tags as it may have had, identifying its ownership or other information, were lost sight of and were never produced in court.
At the close of the preliminary hearing the defendants now move to dismiss the complaint on the ground that the People have failed to meet the obligation to establish reasonable cause for the arrest, as required by CPL 170.75 (subd. 3, par. [a]). Although they admit that it would have been inappropriate, perhaps, to bring such perishable property into court, they contend that the prosecution had an obligation to bring in and introduce memorandum tags of ownership as a prerequisite to oral testimony of ownership. In the alternative, they claim that the People should have been required, before oral testimony of ownership could be admitted, to give a satisfactory explanation for their failure to produce such tags. To this end they invoke the functional definition of the best evidence rule as requiring 1 ‘ that whenever a party seeks to prove the contents of a writing, he must produce the original of the writing or satisfactorily account for its absence.”
*810 The best evidence rule applies only when a party seeks to prove the contents of a writing. It has no application where a party seeks to prove a fact which has an existence independently of any writing, and this is true even though a writing exists evidencing that fact (Richardson, Evidence [9th ed.], § 549). “ The real reason for the rule,” says Wigmore (4 Wig-more, Evidence [3d ed.], § 1181), “ shows why it has come to be generally accepted that only documents, or things bearing writing, can be within the purview of the rule. In the first place, it is in the terms and construction of language that the special risk of error lies. * * * In the second place, it is chiefly in respect to language that slight inaccuracies are likely to be of important legal consequence. A mistake, for example, in counting the number of bushels in a bin of wheat can hardly lead to serious consequences, but a mistake in a few letters of an ordinary deed may represent it as giving to Jones instead of to Jonas or as giving five hundred instead of four hundred acres.”
Carroll v. Gimbel Bros. (195 App. Div. 444, app. dsmd. 234 N. Y. 528) involved a suit for damages by a lady Who had been detained and subsequently released after she allegedly took a small quantity of items from the department store’s drug counter. After allegedly admitting the theft she signed a release and was allowed to leave. The repossessed items were put back into stock. The civil verdict in her favor was reversed by the Appellate Division with the observation (p. 451) that “ substantial error occurred during the progress of the trial by the exclusion of the testimony offered on the part of the defendant that the several drug articles found in plaintiff’s bag and which she testified she had purchased at Macy’s all bore the stamp and "tag of the defendant.” The trial court had sustained the plaintiff’s objection to such testimony upon the ground that the articles themselves were the best evidence. The Appellate Division, in reversing, commented that the best evidence rule relates entirely to documentary evidence, and that the store’s witnesses were therefore competent to testify that the articles found upon the plaintiff all bore the trade-mark or tag of the defendant. Put another way, the best evidence rule is intended to prevent fraud or mistake and to eliminate uncertainties that may result from faulty memory (Kain v. Larkin, 131 N. Y. 300).
Although reported cases in this jurisdiction appear to be silent on the issue, there is precedent elsewhere for the position taken by the prosecution in the case at issue. Where, for *811 example, the value of contents was in dispute in a case dealing with larceny of a suitcase and its contents, the Supreme Court of Utah refused to apply the best evidence rule in State v. Campbell (116 Utah 74) and accepted oral testimony of value without requiring the production in court of the items in question. In People v. Craig (75 Ill. App. 2d 29), the defendant, charged with robbery, claimed that the object of the robbery— a camera case — had to be produced or its failure to do so explained before oral testimony could be admitted to describe it. The Illinois Appellate Court held that this was not necessary, and sustained the trial court’s ruling that the identity or value of the victim’s property, and the fact that it had a value could be established by oral testimony without accounting for the whereabouts of the camera case at the time of trial.
In Williams v. State (179 Tenn. 247) which involved criminal charges against a defendant for unlawful possession of intoxicating liquor, the Tennessee Supreme Court held that the arresting officers’ recognition of the liquid by its appearance and smell was sufficient to establish its existence. “ The best evidence rule”, said the court (p. 248), “ is not applicable to things of this nature and the production of such things in court is not required.”
Corpus Juris sums up the rule in its statement that “ The best evidence rule does not apply to proof of the nature, appearance and condition of mere physical objects, but these facts may be proved by parol without offering the objects themselves in evidence or accounting for their absence ” (22 C. J. 980, § 1225; 32A, C. J. S., Evidence, § 782).
In seeking to invoke the best evidence rule to exclude the complainant’s testimony that he saw Ralph Campbell steal what he knew to be the supermarket’s meat, the defendants confuse faulty memory with credibility of the prosecution’s witness. Credibility is for the trier of the facts to decide, and the best evidence rule has no place in such consideration.
Having considered the testimony of the People’s witnesses, this court now finds that the prosecution has met its burden of establishing reasonable cause to believe that the defendant Ralph Campbell did in fact commit the misdemeanor with which he has been charged. His motion to dismiss is therefore denied, and he is held for trial. As to Ronald Campbell, however, who was seen doing nothing other than sitting behind the wheel of a car with a running motor, the motion to dismiss is granted.