Eugene E. Canudo, J.
The casé of People v. Campbell (69 Misc 2d 808), which was decided almost a year ago, involved a defendant who had been seen walking out of a supermarket with an armful of meat without paying for it. He was caught and the meat was recovered. It was washed, rewrapped and sold. Following a preliminary hearing in this court, Campbell was held over for trial even though the prosecutor had no physical evidence to present at the hearing. The reasons behind this ruling were set forth in detail in the above-cited opinion.
Many cases involving stolen property have since come before our courts. Where the stolen property has not been brought into court, it has been argued, on occasion, that the Campbell case {supra) may not be considered a precedent by reason of *786 (a) the limited scope of that proceeding and (b) the perishable nature of the physical property in that case.
The case at bar, in which the defendant is on trial for larceny of a wooden jewelry box from a five-and-ten-cent store, crystallizes the issue. The People’s sole witness, a store detective, testified that he saw the defendant in the store with an empty brown paper bag under her arm, saw her pick up the box from an open counter, and that by the time he got to her side, a few seconds later, the box was in the bag. He followed her outside to the store vestibule, stopped her and examined the bag and its contents. The store’s shipping label, customarily removed by the sales clerk when an item is paid for, was still on the box. She was then placed under arrest. The defendant, on the stand, admitted that she had not paid for the jewelry box. She testified that she had found the box, in the bag, on the floor of the store.
Neither the bag nor the box was produced at the trial. No explanation was offered to account for their absence. The defense, claiming that this is a fatal omission, moves for an acquittal. This question presents the only real issue in the case.
Without reciting all of the authorities discussed in the Campbell (supra) opinion, I find no reason to distinguish one ease from the other. However, further elaboration appears in order, based on two significant Court of Appeals decisions which were not discussed in the previous opinion. One was People v. Leonard (8 N Y 2d 60). The other was People v. Kenny (30 N Y 2d 154).
Leonard involved the prosecution of a tavern owner charged with selling alcohol to minors. The alcohol was never put into evidence, nor was any chemical analysis or expert testimony produced to prove its contents. At the trial one of the minors testified that he had ordered rye and ginger ale and was served what tasted like it. The price paid, he said, was the going price for rye and ginger ale. The tavern owner was convicted, but that conviction, was reversed. The Court of Appeals, however, "reinstated the verdict, holding that the intermediate appellate court had erred in ruling that analysis or “ other competent evidence” as to the contents of the drink was essential to the People’s case. “ There is no well-considered authority,” they said (8 N Y 2d 60, 62), “ to sustain the determination of the court below to the effect that the crime charged may be proven only by direct evidence as to the nature of the beverage sold.”
Kenny, which was decided two weeks before my decision in Campbell (supra), involved a band leader, charged with selling $5 worth of marijuana to a 19-year-old member of his band, *787 He was convicted and sentenced to a maximum m five years in prison. No part of the alleged marijuana had been produced on the trial, nor was any examination or test by a chemist or anyone else brought into evidence. The conviction and sentence depended on the credibility of the musician purchaser and on his technical ability to identify the substance, beyond a reasonable doubt, as a narcotic drug. The Appellate Division reversed the conviction and the Court of Appeals — by 4 to 3 — sustained the reversal. The majority’s opinion (p. 156) referred to the witness’ description of the substance, based on the fact that smoking it made him‘ high ’ ’ and ‘ ‘ like dizzy” and that it “ was sort of like being drunk.” He said that he had smoked this “ pot ” or grass ” 17 months before the trial, and that he had had one previous experience with marijuana six months earlier and another since the purchase in question. The majority said (30 N Y 2d 154, 157): It seems probable that a number of people in the general community now can, or think they can, recognize marijuana, but the resulting skill is not yet so general that the State should be willing to rest a conviction and prison sentence solely on a young person’s two or three isolated experiences with what he thinks is pot ’.” It is important to note that the majority, while citing Leonard {supra), did not in any way detract from its ruling. Instead, they said: “ A simple basis of distinction is that up to now the world is much more experienced with alcohol than with narcotics.” The minority, vigorously dissenting, charged (p. 159) that by sustaining the Appellate Division the majority had found that a narcotics conviction may rest only on admission of the substance into evidence, accompanied by a laboratory report, or at least on the testimony of an expert who at one point identified the substance even though it is no longer available.” However, a careful reading of the majority opinion discloses nothing that would seem to bear out this claim. The District Attorney’s failure to produce the drug or a chemical analysis or an expert’s opinion was obviously not the key issue. This omission was not even discussed in the majority opinion. The quantum of proof, it would seem, was simply not considered sufficient to establish the defendant’s guilt beyond a reasonable doubt.
Kenny (supra), then, represents no departure from the rule recited in Corpus Juris to the effect that the nature, appearance and condition of mere physical objects may be proved by parol without offering the objects themselves in evidence or accounting for their absence (22 C. J., Evidence, § 1225, p. 980; 32A *788 C. J. S., Evidence, § 782). This being the case, it would not matter whether a nonprodnced and unaccounted for physical object happens to be supermarket meat, whiskey, narcotics or a wooden jewelry box. If the prosecutor is able to convince the trier of the facts that the charges are well founded and can then establish the guilt of the accused beyond a reasonable doubt without producing the physical evidence, he may still succeed.
The decision, then, must rest upon the credibility of the witnesses. Is the .store detective’s account to be believed, or is it more reasonable to accept the explanation stated by the defendant, who claims that someone had lost the wooden jewelry box and that she simply decided to ask no questions and play finders-keepers ?
Having carefully listened to the testimony on both sides, having observed the witnesses on the stand and having considered all the circumstances of the case, I find that the prosecution has established guilt beyond a reasonable doubt. I find the defendant guilty as charged.