M. Marvin Berger, J.
In the past, the prosecutor’s nonproduction of physical evidence at a preliminary hearing or trial *342 has been labeled as failure to produce the best evidence (People v Campbell, 69 Misc 2d 808).
The defense in this case objects to the nonproduction of such evidence and asserts that the prosecutor’s failure to produce such evidence denies the defendant effective assistance of counsel, deprives defendant of due process, and introduces hearsay into the preliminary hearing in violation of CPL 180.60 (subd 8).
The occasion for these accusations arose out of a charge of shoplifting. A department store security officer testified that she had observed defendant picking a leather jacket from a store display rack, placing it on his body, putting his own outer coat over the jacket, and leaving the store while wearing both garments.
Two of the 36 pages of the transcript of the preliminary hearing minutes are taken up with direct examination. The security officer’s cross-examination by defense counsel comprises 19 pages of transcript, and cross-examination by the court fills another 4 pages.
The witness testified that the store jacket worn under defendant’s own coat was the same length as the defendant’s coat "or maybe a little shorter”, and that the store jacket did not show.
Defense counsel demanded that the store jacket be produced. The prosecutor rejected the demand, stating that he saw no necessity for producing the garment. Thereupon the hearing was continued by consent of both parties to permit the submission of briefs.
After study of the case law, the court is constrained to deny the application for production of the physical evidence.
The defense position is based on a misconception as to the function served by a preliminary hearing.
The proceeding generally described as a "probable cause” hearing is intended to demonstrate that there is cause to believe that the defendant committed the offense with which he is charged (CPL 180.70, subd 1; Gerstein v Pugh, 420 US 103).
As so succinctly stated by Mr. Justice Gellinoff in People ex rel. Pierce v Thomas (70 Misc 2d 629, 630): "The preliminary hearing * * * is quite limited in scope. The People’s case need only * * * present the broad outline of the facts; and the court may narrowly limit cross-examination. The hearing is *343 not intended as a pretrial discovery device, nor is it a substitute for the trial itself.” (See, also, People ex rel. Odell v Hall, 204 Misc 713.)
But, assuming, without admitting, that defendant should be permitted some latitude in cross-examining the prosecution witnesses in a preliminary hearing (People v Simmons, 36 NY2d 126), should that latitude extend to requiring production of physical evidence?
The court recognizes that frequently the physical evidence is produced at the preliminary hearing, or defense counsel stipulates to its nonproduction. In the latter case, the prosecutor engages in the absurd request that the physical evidence be deemed marked as an exhibit in absentia and, evidencing the decline of Latin in high school and college curricula, generally corrupted to "in abstentia”.
Lawyers engaging in this peculiar exercise in futility are seemingly unaware that there is generally no compelling need to produce physical evidence.
In People v Campbell (69 Misc 2d 808), the defendant was charged with stealing meat from a retail store. At a preliminary hearing held three weeks after the event, defendant moved to dismiss the information on the ground that even if the perishable property was not produced, the prosecution should have submitted memoranda tags of ownership, as a prerequisite to oral testimony of ownership.
Judge Canudo refused to dismiss the information despite the defense assertion that the stolen object or some tag or label attached to it was the best evidence of the larceny. He wrote (p 810): "The best evidence rule applies only when a party seeks to prove the contents of a writing. It has no application where a party seeks to prove a fact which has an existence independently of any writing, and this is true even though a writing exists evidencing that fact (Richardson, Evidence [9th ed.], § 549).”
And, quoting Corpus Juris (vol 22, § 1225, p 980) and Corpus Juris Secundum (vol 32A, Evidence, § 782), the opinion reads (p 811): " 'The best evidence rule does not apply to proof of the nature, appearance and condition of mere physical objects, but these facts may be proved by paroi without offering the objects themselves in evidence or accounting for their absence’ ”.
To the same effect is Rice v United States (411 F2d 485).
In volume 25 of the Syracuse Law Review (1973 Survey of *344 New York Law), we find the following (p 394): "In New York, we are beginning to get decisions that neither the contraband in specie, nor photographs of the contraband, are necessary for the prosecutor’s proof so long as a prosecution witness can testify concerning the articles in issue. Certainly this is a salutary rule since (1) producing the fur coat or jewelry in court adds not one whit to the proof of theft unless value is in issue and that could be testified to by an expert who had previously examined the articles; and (2) owners of the item ought to receive back their possessions expeditiously, there being little point in the article languishing in the prosecutor’s vaults month after month.”
In People v Fonville (72 Misc 2d 785), the defendant was charged with larceny of a wooden jewelry box from a store. On trial, the sole prosecution witness, a store detective, testified that he saw defendant pick up the box from a counter and place it in a paper bag. Defendant testified she had found the box on the floor of the store. Neither the bag nor the box were produced, and no explanation for their nonproduction was offered.
Judge Canudo, the Trial Judge, said the case was not distinguishable from People v Campbell (supra). However, he elaborated on the issue in the light of two opinions which were not discussed in Campbell. One was People v Leonard (8 NY2d 60), and the other People v Kenny (30 NY2d 154).
In Leonard, the defendant’s conviction for selling alcohol to minors was sustained on the basis of testimony of one of the minors as to the taste of the beverage and the price he paid, despite absence of the liquor or of a chemical analysis or expert testimony as to the alcoholic nature of the beverage. The Court of Appeals rejected (supra, p 62) the assertion "that the crime charged may be proven only by direct evidence as to the nature of the beverage sold.”
In Kenny, the Court of Appeals reversed the conviction of the defendant for selling marijuana to a 19-year-old, who testified (p 156) that smoking the substance made him "high” and "like dizzy” and that it "was sort of like being drunk.” The youth had had two experiences in smoking what he believed to be marijuana. The majority said (p 157): "It seems probable that a number of people in the general community now can, or think they can, recognize marijuana, but the resulting skill is not yet so general that the State should be willing to rest a conviction and prison sentence solely on a *345 young person’s two or three isolated experiences with what he thinks is 'pot’.”
Judge Canudo, after discussing the Leonard and Kenny cases, wrote (72 Misc 2d 785, 787, supra): "Kenny (supra), then, represents no departure from the rule recited in Corpus Juris to the effect that the nature, appearance and condition of mere physical objects may be proved by paroi without offering the objects themselves in evidence or accounting for their absence (22 C. J., Evidence, § 1225, p. 980; 32A C. J. S., Evidence, § 782). This being the case, it would not matter whether a nonproduced and unaccounted for physical object happens to be supermarket meat, whiskey, narcotics or a wooden jewelry box. If the prosecutor is able to convince the trier of the facts that the charges are well founded and can then establish the guilt of the accused beyond a reasonable doubt without producing the physical evidence, he may still succeed.”
Of course, there are cases in which physical evidence must be produced; such physical evidence as gambling records, obscene publications, a switch blade knife, or a defaced weapon are examples that come readily to mind.
But, asserts the defendant, the store detective’s testimony, absent the physical evidence of the garment, was impermissible hearsay.
"Hearsay” is defined by the former Uniform Rules of Evidence (rule 63) as "evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated.”
And the Federal Rules of Evidence (rule 801, subd [c]) define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” (Emphasis supplied; see Jones, Evidence, § 8:1.)
Wigmore, Evidence (3d ed, § 1364) describes the hearsay rule as "that rule which prohibits the use of a person’s assertion, as equivalent to testimony to the fact asserted, unless the assertor is brought to testify in court on the stand, where he may be probed and cross-examined as to the grounds of his assertion and of his qualifications to make it.”
Now, by these standards, the testimony of the store detective was not hearsay. True, the garment which the detective described was not produced. But the witness who saw it under *346 the defendant’s coat described it under questioning of the court and was cross-examined fully and completely concerning her observations.
Certainly, the defendant may bring about production of the coat if it has probative value as evidence. "[S]o long as the object physically exists, anyone needing it as evidence at a trial has the right to call for it unless some exception is shown to the general rule.” (29 Am Jur, Evidence, § 771.)
The defendant asserts that the inconsistency between the "defendant’s” [sic] version of the alleged theft and the physical impossibility of its happening might have given rise to a potentially exculpatory inconsistency.
Conceivably, if part of the store detective’s account of the happening — that the purloined garment was fully concealed by the defendant’s coat — was at variance with the facts, it might affect the weight of the detective’s testimony.
But the thrust of the testimony had to do with the taking and the asportation — not with the fact of concealment.
In summary, then, the objection of defendant to nonproduction of the allegedly stolen article is denied and the hearing will proceed to its conclusion.