Angelo Mauceri, J.
The charge is petit larceny. The defendant allegedly stole one reversible drill and one sander from Korvettes Department Store. The matter came before the court on April 20, 1977, for trial. The case was marked ready by the People and the defendant. Just prior to jury selection defense counsel made a motion to dismiss on the following facts which are not disputed by the People. He stated that the evidence was not in court and would not be. Korvettes’ security guard on his own initiative took a Polaroid picture of two boxes allegedly containing the evidence and then sold the evidence at the store. The picture did not depict the evidence itself. The defendant contends that this action by *532 the Korvettes’ security guard clearly prejudices his defense which was that the defendant had previously purchased the merchandise and was returning it because it was defective. If the evidence was present it would show that it had been used and the defense would be valid. The evidence was disposed of without any notice to the court or the defendant. The People asked for time to answer the motion and the matter was adjourned for that purpose.
The People in their answer cited People v Fonville, (72 Misc 2d 785) as authority for the denial of the instant motion. They also reasoned that to force all department stores to retain evidence for trial would place an undue burden on those stores. The Fonville case does not present this identical question and therefore is not authority for denying the defendant’s motion. The burden of retaining evidence for a criminal trial is not so burdensome as would be the denial of our citizen’s constitutional right to a fair trial with all of the safeguards of the rules of evidence and its attendant guarantee of proper procedure.
The defense contends that the People have prejudiced this case beyond repair by the unilateral disposal of the evidence. This court concurs with the defense contention. The People and the court have an obligation to present a fair trial in all criminal matters. The action of the Korvettes’ security man has clearly prejudiced the defense case. Any burden that the People allude to on behalf of department stores retaining evidence can be simply resolved by a motion to the court upon notice to the defendant of their wish to dispose of evidence and commit it to photographs. In this matter the rights of defendants can be protected against improper disposal of evidence prior to their trial. The People would be protected by prior knowledge of any objection that the defense might have to that disposal.
Based on the foregoing the motion to dismiss is granted and the case is dismissed.