Eli H. Mellan, J.
The following is a condensed version of a decision of a nonjury trial rendered from the Bench:
The matter involved a charge of petit larceny under the usual circumstances generally referred to as "shop lift cases” but differed from the classic "shop lift case” in one respect. In almost all instances a defendant within the premises of a department store is observed to leave with unpaid merchandise and only after having left the premises is the defendant confronted with the question of whether or not the merchandise was paid for. In this instance the testimony is that the defendant was allegedly observed with certain merchandise, paid for two items, but then it is claimed that while she was in the fitting room she placed a skirt and a blouse into her handbag, which was described and exhibited to be in the nature of a purse some 12 to 18 inches in size.
While it is totally inconceivable and incredible to the court that two such items could have been placed into her bag with all the usual items generally contained in a woman’s purse or handbag, nevertheless treating solely for the purpose of the legality of the action with the possibility that she may have done so, the fact is that it was claimed that the defendant went to a cash register on the main floor of the store, paid for two items and then proceeded by escalator to the upper floor where the record indicates there are some 10 or more other departments of the store with various registers and the second floor being also the location of the ladies room. The defendant was apprehended at the top of the escalator just as she arrived on the second floor.
There are certain elements that are essential to the findings of guilt, under section 155.25 of the Penal Law, namely petit larceny, or as properly urged by the District Attorney as an alternative the court could consider sections 110.10 and 155.25 of the Penal Law, namely attempted petit larceny. One of the *543 items that is an essential is that you show that property was taken belonging to somebody else. Now, a store when it has property, usually has tags. There is no mention of tags in the entire record, nothing said about tags being on the merchandise or anyone seeing the defendant removing tags, nor, in fact, does People’s Exhibit 1 in evidence show any existence of tags. So, there could even be a question as to whether these items were property belonging to the store. That has not been shown.
Let us get to the more delicate and more difficult part of the case: Section 155.25, petit larceny, says, "A person is guilty of petit larceny when he steals property.” Property is, of course, defined by law. Then you have section 155.05, which defines larceny, "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.” In this instance, if the defendant did in fact take property and had it in her handbag, if in fact that did occur, until the defendant has left the premises there is absolutely no proof that the defendant intended to deprive the lawful owner of this property. The defendant could have paid for the merchandise on the second floor where there were cash registers, which she never even had a chance to approach because she was detained just as she reached the second floor. She could have paid at any of the cash registers on the first floor on the way out. She did not have to pay for the merchandise at the time she was holding it, regardless of where she was holding it. Where the court might look with suspicion at a person putting merchandise in a handbag, if that in fact did happen, but the court has considerable doubt about that, but even if that did happen, until the person has left the store, the person has not deprived the lawful owner of the property, and even if the person along the way may have thought about stealing or depriving the store of the property, until they have actually deprived the store of the property, the crime has not been committed.
Now, attempt is urged upon the court, which was urged not only in argument but also in the closing statement today, and an attempt is made when an opportunity occurs and the intending perpetrator has done some act attempting to accomplish his purpose, although he is baffled by an unexpected obstacle or condition. (See People v Moran, 123 NY 254.)
*544 So that before the attempt could have been consummated, before you could even find an attempt, there has to be a completion of certain elements of the crime and the mere holding of merchandise belonging to the store is not yet a crime.
Unless you can establish that, in fact, there was asportation, namely the taking of the property away from the lawful owner and taking it away, but as long as it remains within the store, there has been no asportation in my opinion, and since the court finds absolutely no precedent to the contrary or to aid the court to think otherwise, and while the court can rationalize and say, "Yes, a person can think of stealing, taking property, putting it away, concealing it in such a fashion that they could leave the store” the court would have to be creeping into the mind of an individual in order to make that kind of determination and since this, apparently, is maybe in this instance a case of "first impression”, I would hold that the asportation is an essential element to the crime and until the person has actually taken the property out of the store, you cannot actually establish beyond a reasonable doubt that the defendant committed that crime, nor could you claim that the person is guilty even of an attempt, by virtue of the reasoning that I have just explained.
The court has combed through numerous decisions involving "shoplifting” and not a single case of record appears where a defendant was found guilty having been apprehended before leaving the premises of the store. In this court’s opinion that is an essential element of guilt in connection with such a charge. In reviewing existing case law the court has not only considered the decisions under section 155.25 of the Penal Law, but also the unlawful detention and false arrest cases found under section 218 of the General Business Law where the charge of petit larceny within a department store was the underlying basis for the subsequent false arrest claims. The only instance found by the court where an arrest was made within the store premises pertained to a defendant using counterfeit money to make the purchase which was discovered within the premises and therefore an arrest made prior to defendant leaving the store premises. This is obviously distinguishable from the classic "shoplift case” where the larceny would require the leaving the store without payment in order to establish that defendant in fact did not intend to pay for the merchandise after having left the premises.
*545 I think there are many inconsistencies and much basis in this case, for me holding that there is a reasonable doubt. And, therefore, on the basis of the evidence before the court I must find that the People have not proven guilt beyond a reasonable doubt and that the defendant is not guilty.