OPINION OF THE COURT
Eve Preminger, J.
This is a motion to dismiss at the end of the People’s case in a shoplifting case. The People presented one witness, a secu *152 rity supervisor for a Pathmark supermarket. He testified that he observed the defendant in the store placing paper towels and other items in a brown paper bag and then putting six or seven ham steaks under his belt. He then saw the defendant walk by the registers without paying, and come near his observation office, still within the store. The supervisor stopped him, asked for a receipt, and received instead the brown paper bag accompanied by defendant’s statement that "You got me — have the meat. I’m leaving.” The supervisor retrieved the meat and restrained defendant when he attempted to leave the store.
It is the defendant’s claim that this evidence is insufficient to sustain a conviction for petit larceny because the defendant at no time left the store with merchandise.
There are a number of myths about the criminal law, comfortably shared and nourished by those in the street, the business community and sometimes, the courts. One of these is the belief that an observed shoplifter acts with impunity unless and until he or she leaves the store with the goods. So strong is this belief that the majority of store detectives are instructed' to refrain from stopping the suspect anywhere inside the premises; although the likelihood of apprehension is thus enormously decreased (see 62 Yale LJ 788). And recently in People v Parrett (90 Misc 2d 541), one of my brethren dismissed a case against an accused shoplifter who had secreted goods in her handbag because (p 544): "The court has combed through numerous decisions involving 'shoplifting’ and not a single case of record appears where a defendant was found guilty having been apprehended before leaving the premises of the store. In this court’s opinion that is an essential element of guilt”.
Although my learned colleague is correct that the New York courts have never spoken directly on this point, every jurisdiction that has considered the issue has reached a conclusion opposite to the Parrett case.
In People v Bradovich (305 Mich 329), the Supreme Court of Michigan held that a person who had taken a jacket from a rack and concealed it in his own clothing had completed the larceny when the clothing was concealed. And in Illinois, the courts have found completed larcenies whenever the defendants’ "actions were not those of a prospective customer * * * but rather those of one who feloniously intended to steal the articles” (People v Baker, 365 Ill 328, 333), regardless of the *153 fact that the defendants had not left the store (see, e.g., People v Baker, supra; People v Lardner, 300 Ill 264).
In a case almost identical to the instant case, the Supreme Court of Vermont (State v Grant, 135 Vt —; 373 A2d 847) recently held that a defendant who had placed two cartons of cigarettes under his shirt had "wrongfully assumed possession of the cigarettes and had carried them away with the intent of depriving the owner thereof’ although he was apprehended within the supermarket.
To the same effect are McRae v United States (222 A2d 848 [CA, DC] and Groomes v United States (155 A2d 73 [CA, DC]).
An examination of the New York law relating to larceny in general leads this court to conclude that the law in New York is no different from the above-cited jurisdictions.
As early as Harrison v People (50 NY 518), our Court of Appeals affirmed the basic common-law principles of larceny. There the defendant had placed his hand in the victim’s pocket and moved a wallet three inches when its owner felt the intrusion and pulled away. The defendant claimed that the larceny had not been completed when he was discovered. The court held that two things must always be proven — that the defendant has grasped the article in question, known at common law as caption, and has removed it from its resting place, known as asportation. The court emphasized that the asportation by the defendant need be but for a moment to complete the larceny.
These principles were followed in People v Frank (176 Misc 416), where a defendant employee attempted to return goods he had secreted within the store of his employer. The court held that his actions had already gone beyond an attempt, and constituted a completed larceny, pointing out (p 417): "[shoplifting cases are examples of completed larcenies even though the persons have not yet left the premises.”
In United States v Padilla (374 F2d 782, 788), the court held that an employee’s conduct in hiding goods within his employer’s truck "clearly had crossed the somewhat elusive line between an attempt to steal and a completed theft.”
Recently the Court of Appeals reconsidered the basic elements of larceny in People v Alamo (34 NY2d 453). The trial court had charged the jury that the defendant could be found guilty of larceny of a car even though he had started it but never moved it. In upholding the charge, the Court of Appeals *154 reaffirmed Harrison, but went on to note that New York law has (p 459) "not since 1942 * * * been strictly bound to the ancient common-law concepts of larceny.” The court therefore concluded that insofar as the element of asportation had required actual movement rather than dominion and control with the requisite felonious intent, it was no longer the law in New York. Chief Judge Breitel also approved, in his dissent, the reasoning and holding of Harrison (supra), differing with the majority only in requiring some movement to demonstrate dominion and control to the exclusion of the owner (supra, pp 460-462).
Returning to the instant case, it seems clear that the People have presented enough evidence to permit a trier of fact to conclude that the defendant had exercised sufficient control over the goods to constitute a completed larceny. When one considers the realities of modern shopping, the wisdom of the Court of Appeals’ decision to avoid slavish "adherefnce] to the auxiliary common-law element of asportation:” (People v Alamo, supra, p 460) is evident. In self-service stores, shoppers have a right to pick up, and often to move, merchandise for periods of time clearly long enough to satisfy asportation as required at common law. Yet no one would consider such possession felonious, for the self-service shopper is deemed to have conditional, or implied, possession until the merchandise is paid for (Day v Grand Union Co., 280 App Div 253); Lasky v Economy Grocery Stores, 319 Mass 224; Groomes v United States, supra; Durphy v United States, 235 A2d 326 [C.A., D.C.]). However, when a defendant’s actions are wholly inconsistent with that of a prospective purchaser, it is up to the trier of fact to decide whether at the time of acquiring possession and thereafter, the defendant possessed the requisite felonious intent.
Thus when the instant defendant placed six or seven ham steaks under his belt and walked by the place where goods are paid for, his actions were not consistent with those of a prospective purchaser, and he was not acting within the implied invitation to conditional possession tendered by the supermarket owner. Accordingly, the People have presented a prima facie case, and the defendant’s motion to dismiss at the end of the People’s case is denied.
It must be emphasized that this court’s holding in no way lessens the burden of proof on the People in shiplifting cases. On the contrary, there is, and should be, a higher standard of *155 proof upon the People in self-service situations than in other larceny cases, because the mere fact of possession may not be used to demonstrate larceny. This remains true even when such possession is accompanied by suspicious or equivocal actions, such as placing unpaid goods directly into the defendant’s shopping bag (see Durphy v United States, supra). It is only when the trier of fact concludes, beyond a reasonable doubt, that defendant’s actions were totally inconsistent with and clearly adverse to the owner’s interests that a conviction may lie. If the facts are sufficient to support such a conclusion before the defendant leaves the store, the fact that he has not left is wholly irrelevant and should not absolve him from the consequences of his acts.