OPINION OF THE COURT

Per Curiam.

The judgment of conviction rendered on December 20, 1978 (Goldberg, J., at trial and sentence) is affirmed.
The defendant had tried on a leather jacket on the second *488 floor of Alexander’s Department Store. Two store detectives, each stationed very close to the defendant, testified that they saw him rip off the price tag and a sensormatic device (an electronic device on garments, ordinarily removed by the cashier when payment is made and which sets off an alarm if not removed before the garment leaves the store) from the jacket. Defendant had then wandered about in the store, a distance of about a city block, past three cashiers, and was "one step to go to the staircase” when he was placed under arrest. He had not yet left the second floor of the building. The defendant denied ripping off the tag or the sensormatic device from the garment. The court, obviously crediting the store detective’s version of the incident, found the defendant guilty of petit larceny (Penal Law, § 155.25).
The store detective testified that she had recovered the tag and device from the pocket of another jacket into which the defendant was seen to have placed them and that the tag, device and jacket were in the "voucher department” of the store. The items were not introduced as evidence at trial.
The defendant argues on appeal that (1) reversal is required because of the failure of the People to produce the price tag and device allegedly removed by the defendant and (2) because the defendant had not yet left the second floor when he was arrested.
It was not incumbent upon the People to produce tag and sensormatic device and the jacket from which they were taken at the trial. The oral testimony of the People’s witnesses was adequate to convince the trier of the facts of their version of the incident (People v Marshall, 93 Misc 2d 69, 70; People v Scott, 90 Misc 2d 341, 343; People v Fonville, 72 Misc 2d 785, 788; People v Campbell, 69 Misc 2d 808, 811).
Although apparently never considered by appellate courts of this State, two recent lower court decisions have dealt with the issue of when a shoplifter may be said to have consummated his taking in accordance with section 155.05 of the Penal Law, viz:
"Larceny; defined.
"A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself * * * he wrongfully takes * * * such property from an owner thereof.”
In People v Parrett (90 Misc 2d 541), it was held that guilt *489 was not established beyond a reasonable doubt when a woman who allegedly had placed a skirt and a blouse into her handbag was arrested before she had left the store. The court found a failure to establish "asportation”, an essential element of larceny, because she could not be said to have carried off the merchandise until she left the store.
On its facts, People v Parrett (supra) is readily distinguishable from the case at bar. In Parrett, the woman had paid for some items on the lower floor and was arrested when she was going up to the second floor with merchandise she had not yet paid for. Furthermore, as noted by the court, "There is no mention of tags in the entire record” or of "anyone seeing the defendant removing tags” (p 543). The court even doubted that the defendant could have placed those bulky items in the small handbag or purse described, and "there could even be a question as to whether these items were property belonging to the store” (p 543).
In the case now before us for review, the trial court relied on People v Britto (93 Misc 2d 151), where a defendant was found guilty after he had secreted six or seven ham steaks in his belt in a supermarket but was arrested before he left the store. The court in People v Britto (supra) found that the belief that a shoplifter observed to be acting in a fashion inconsistent with the actions of a would be purchaser could only be arrested after "she leaves the store with the goods” was a widely shared myth, without foundation in the law. The court cited cases from Michigan, Illinois and Vermont that hold to the contrary. The court further cited Harrison v People (50 NY 518) (a pickpocket case) and People v Alamo (34 NY2d 453) (a theft of a motor vehicle) as indicative of the New York holding that asportation may be accomplished by the mere moving of a wallet for three inches while still inside the victim’s pocket or the mere starting up of a vehicle, even absent proof of its having been moved. While the self-service department store situation requires a "higher standard of proof’ because the prospective customer has a limited right to possess and carry property about, within the store, nevertheless "when the trier of fact concludes, beyond a reasonable doubt, that defendant’s actions were totally inconsistent with and clearly adverse to the owner’s interests”, then "a conviction may lie” if the facts support that conclusion even before the defendant leaves the store and "the fact that he has not *490 left is wholly irrelevant and should not absolve him from the consequences of his acts” (pp 154-155).
The question of whether there must be proof of both a taking (caption) and a carrying off (asportation) has been considered by the Court of Appeals. In People v Alamo (34 NY2d 453, 457) the high court said: "It is woven into the fabric of the common law that asportation is an element of a completed larceny” but then, after examining the current Penal Law (§ 155.05), the court concluded, "[tjhere is nothing in the definitions section which states that asportation is in all cases an essential element of * * * taking or obtaining” (p 460). Further noting the court’s refusal to "slavishly adhere to the auxiliary common-law element of asportation”, it stressed that the primary element was the exercise of dominion and control adverse to that of the owner. (Judges Breitel and Jasen dissented, observing, "asportation under the applicable statute is, inevitably because definitionally, an element of larceny, and it may not be analyzed away” [p 462].)
We adhere to the reasoning expressed in People v Britto (supra) and conclude that People v Parrett (supra) should be limited to its facts.
The case is remitted to the Criminal Court of the City of New York for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5).
Concur: Asch, J. P., Tierney and Riccobono, JJ.