Matter of M.S. (2004 NY Slip Op 51162(U))

[*1]

Matter of M.S.

2004 NY Slip Op 51162(U)

Decided on July 15, 2004

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 15, 2004

Family Court, Nassau County
In the Matter of M.S., A Person Alleged to be a Juvenile Delinquent, Respondent.
xxx

Richard Lawrence, J.
In this matter, Respondent has been charged as a juvenile delinquent with respect to the following allegations, which if she were sixteen at the time of their commission, would be the following:
Petit Larceny in violation of §155.25 of the penal law, a Class A Misdemeanor; and attempted petit larceny in violation of §110/155.25 of the penal law, a Class B misdemeanor.
Attached to the petition is a one page deposition from the Loss Prevention Officer of a store denominated H&M located within the Roosevelt Field Mall, Old Country Road, East Garden City, New York.
Respondent moves this Court for an order dismissing the petition "for failure to state a crime."
For purposes of the instant motion, the Court must accept, as true, the statement of the Loss Prevention Officer. He states, in applicable part, that he observed the Respondent and another
removing lingerie and 3 skirts and 1 pair of jeans
from the display rack. [Defendant] concealed the lingerie
in a white footlocker bag and then handed this bag
to [Respondent] who then concealed the jeans inside
the bag. At this time [Respondent] proceeded to the
register with a key chain and [Defendant] proceeded to
exit the store with the white footlocker bag containing
said merchandise making no attempt to pay for said
[*2]
concealed merchandise....[The Loss Prevention Officer]
then apprehended [the Defendant] outside the store and
recovered the merchandise from her possession.
The question presented is whether, under the facts as stated by the Loss Prevention Officer, an assuming such facts to be true, that the crime of Petit Larceny has been prima facie alleged.
The term larceny is defined in the penal law at §155.05 as follows:
1. A person steals property and commits larceny when,
with intent to deprive another of property or to
appropriate the same to himself or to a third person,
he wrongfully takes, obtains or withholds such property
from an owner thereof.
2. Larceny includes a wrongful taking, obtaining or
withholding of another's property, with the intent
prescribed in subdivision one of this section, com-
mitted in any of the following ways:
 (a) By conduct heretofore defined or known as
common law larceny by trespassory taking, common
law larceny by trick, embezzlement, or obtaining
property by false pretenses.
Furthermore, the crime of petit larceny is defined in penal law §155.25 as follows:
"A person is guilty of petit larceny when he steals
property. Petit larceny is a class A misdemeanor."
The leading cases in New York State are People v Olivo, People v Gasparik, and People v Spatzier. All three are reported jointly at 52 NY2d 309 (1981), re-hearing denied 53 NY2d 797 (1981). These were cases of first impression in this state. Previously, the law was at best unsettled that unless a suspected "shoplifter" was physically outside the premises of the establishment, that she could not be successfully arrested and prosecuted. However, these three cases clearly state, in an opinion by the Chief Judge of the Court of Appeals, that a person caught with goods while still inside the store may be convicted of larceny if she exercises dominion and control wholly inconsistent with the rights of the owner, and so long as the other elements of the [*3]crime are present. The Court reviews the common law crime of larceny, and states, at page 317 "Case law, too, now tends to focus upon the actor's intent and the exercise of dominion and control over the property"
citing, among others, People v Alamo, 34 NY2d 453 (1974) and People v Britto, 93 Misc 2d 151 (Criminal Court of the City of New York, Bronx Cty, 1978).
The Chief Judge continues, at page 318: "if the customer exercises dominion and control wholly inconsistent with the continued rights of the owner, and the other elements of the crime are present, a larceny has occurred. Such conduct on the part of a customer satisfies the 'taking' element of the crime." The Court continues in footnotes, at the same page, that
 also required, of course, is the intent prescribed
 by subsection 1 of section 155.05 of the Penal
 Law, and some movement when property other than an
 automobile is involved...As a practical matter in shop-
 lifting cases the same evidence which proves the taking
 will usually involve movement. The movement, or aspor-
 tation requirement has traditionally been satisfied
 by a slight moving of the property (see Harrison v
 People, 50 NY 518). This accords with the purpose
 of the asportation element which is to show that the
 thief had indeed gained possession and control of the
 property (citing People v Alamo, supra and Harrison v
 People, supra).
The Court continues at page 319:
 In many cases, it will be particularly relevant that
 the defendant concealed the good under clothing or
 in a container....[and that] other furtive or unusual
 behavior on the part of the defendant should also
 be weighed....so long as it bears upon the principal
 issue- - whether the shopper exercised control wholly
 inconsistent with the owner's continued rights - - any
 attending circumstance is relevant and may be taken
 into account.
With respect to defendant Olivo, in which that defendant concealed goods in his clothing, and did so "in a particularly suspicious manner" (page 319) when he was stopped, he was moving toward the exit door of the store. "It cannot be said as a matter of law that these circumstances fail to establish a taking." Ibid at p. 320.
The Court concluded at page 321 as follows:
In sum, in view of the modern definition of the crime
of larceny, and its purpose of protecting individual
property rights, a taking of property in the self-service
store context can be established by evidence that a
customer exercised control over merchandise wholly
inconsistent with the store's continued rights. Quite
simply, a customer who crosses the line between the
limited right he or she has to deal with merchandise
and the store owner's rights may be subject to prose-
cution for larceny. Such a rule should foster the
legitimate interests and continued operation of self-
service shops, a convenience which most members of the
society enjoy.
Respondent relies upon the case of People v Parrett, 90 Misc 2d 541 (District Ct, Nassau Cty, 1977). In that matter, the trial court held, among other issues, that there was no proof that
defendant, who was confronted by store personnel prior to her exiting the store with merchandise allegedly unlawfully taken from the store, intended to deprive the owner of that merchandise, even though while in the fitting room the defendant allegedly placed a skirt and blouse into her hand bag, then went to a cash register on the main floor of the store, paid for two other items and then proceeded to the escalator to the upper floor. The defendant was apprehended at the top of the escalator as she arrived on the second floor.
After a bench trial, the Court stated, at page 544:

I would hold that the asportation is an essential
element to the crime and until the person has actually
taken the property out of the store, you cannot actu-
[*4]
ally establish beyond a reasonable doubt that the
defendant committed that crime....The court has
combed through numerous decisions involving "shop-
lifting" and not a single case of record appears
where a defendant was found guilty having been appre-
hended before leaving the premises of the store. In
this court's opinion, that is an essential element of
guilt in connection with such a charge.

In this Court's opinion, the Respondent's reliance upon Parret is misplaced, as firstly, it is a lower court decision not binding upon this Court and secondly, and more importantly, it was decided before People v Olivo, et al, supra.
Respondent's reliance upon People v Britto, supra, however, specifically criticizes the Parrett case, and Britto is mentioned approvingly in the Olivio et al cases.
In the circumstances, and as a matter of law, this Court cannot dismiss the instant petition. 
With respect to the facts in the matter at bar (and again taking them as "facts" for purposes of this motion only), the deposition supporting the petition specifically states that the Respondent and another removed lingerie, skirts and jeans from a display rack, and that Respondent physically concealed the jeans
inside a footlocker bag. In this Court's opinion, this is
sufficient for asportation, and prima facie is sufficient to defeat a motion to dismiss. Accordingly, the motion is denied.
 This constitutes the Decision and Order of the Court.
Dated: Westbury, New York
 July 15, 2004